ALBERT G. BLANKE, Appellant, v. CHARLES DUNNER-MANN, Respondent.

St. Louis Court of Appeals, December 8, 1896.

1. **Contract**: EVIDENCE: INSTRUCTIONS. Where money furnished by plaintiff was to be used by defendant as earnest money in the purchase of certain real estate, provided defendant became the owner of the property or secured control of it by a valid contract of purchase, but defendant was prevented from so doing by the wrongful withdrawal of plaintiff from the contract, defendant's rights, under the contract, are the same as if he had fully performed it; and an instruction omitting this qualification is incomplete, hence prejudicial, and sufficient ground for reversal.

2. ———: CONSTRUCTION OF WRITTEN INSTRUMENTS: EVIDENCE. While the rule is that the construction of written instruments is for the court, an exception to the rule is, that where there is an ambiguity which must be solved by extrinsic, unconceded facts, it is for the jury.

3. **Practice**: INSTRUCTIONS: EVIDENCE. When the evidence is conflicting, an instruction, in the nature of a demurrer to the evidence, is unwarranted.

4. ———: ———: ———. Questions of law and fact should be so separated, in the declarations of law given by the court, that it may be known by which class the finding was controlled.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Kehr & Tittman* for appellant.

The money placed in respondent's hands was not "earnest money," but a deposit merely for probable purchase, which failed. Earnest is something given by the buyer to the seller to bind the bargain or in part payment. 1 Abb. Law Dic., Earnest; Anderson's Law Dic., Earnest; 5 Am. and Eng. Encyclopedia of Law, 580; 8 *Id.* 736; *Howe v. Smith*, 27 Ch. Div. 99–105; Benj. on Sales (Bennett) [6 Ed.], 164, secs. 211–219. See, also, *Howe v. Haywood*, 108 Mass. 54, 55; *Noakes v. Morey*, 30 Ind. 103; 1 Reed on Stat. Frauds, sec. 229.

Respondent was not the owner of the property, nor had he an option or contract for its purchase, nor any authority in writing to sell it as agent. R. S. 1889, sec. 5186.

Upon the facts, the right of action is in plaintiff. No issue is made on this point in the pleadings. Mechem on Agency, sec. 755; *Rowe v. Rand*, 111 Ind. 206; *Rhoades v. Blackiston*, 106 Mass. 334.

*B. Schnumacher* for respondent.

Under the circumstances of this case, it was not incumbent upon defendant to complete the transfers of title to himself, and to make tender to plaintiff of a deed. It is obvious that a tender would have been unavailing. The law does not require the doing of a useless thing. *Enterprise Soap Co. v. Sayers*, 55 Mo. App. 25; *Harwood v. Diemer*, 41 *Id.* 48; *McManus v. Gregory*, 16 *Id.* 75.

The fact that the receipt was made out in plaintiff's name constitutes no "contract," although frequently so referred to by counsel. *Wild v. Building & Loan Ass'n*, 60 Mo. App. 200.

As to authority of an agent to maintain suit in his own name, see *Kollock v. Emmert*, 43 Mo. App. 566.

BIGGS, J.—The defendant is a real estate agent, and, at the time of the negotiations hereinafter referred to, he was the agent of the owners for the sale of seventy-five feet of ground situated on the corner of Gratiot and Seventh streets in the city of St. Louis. The C. F. Blanke Tea and Coffee Company wished to purchase the ground, and the plaintiff was appointed as its agent to make the purchase. Prior to January 19, 1895, the plaintiff and defendant discussed the proposed purchase, and the plaintiff signified the willingness of the Tea and Coffee Company to pay $18,000 for the property. With the view of completing the purchase on that basis, the plaintiff delivered to the defendant the check of the Tea and Coffee Company for $400, and the defendant executed and delivered to the plaintiff the following paper:

"ST. LOUIS, Mo., January 19, 1895.

"Received of A. G. Blanke the sum of $400, to be applied as earnest money to purchase the northeast corner of seventh and Gratiot street, 75x120 feet and 10 inches to an alley, to be bought inside of eighteen thousand dollars ($18,000).

"CHAS. J. DUNNERMANN."

The present action is to recover back the money upon the theory that the defendant was plaintiff's agent, that he was to pay the money to the owners of the property as earnest money, and that, as the plaintiff withdrew the defendant's authority to buy before he had paid the owners any portion of the deposit, he must return the money.

On the other hand the defendant's theory is that he was not the plaintiff's agent; that the agreement

VOL. 67 app—38

was that, if he could buy the property for anything less than $18,000, the Tea and Coffee Company would take it from him; that, on account of some difficulty concerning the title to one of the lots, the plaintiff made it a condition that the Tea and Coffee Company should have a warranty deed from him (defendant), and that to satisfy this requirement it was understood and agreed that he (defendant) should buy the property and then convey it to the Tea and Coffee Company by warranty deed, and that in pursuance of this agreement the money was paid to defendant as earnest money; that he immediately commenced the negotiations with the owners, and within a few days thereafter he had agreed with them for the purchase of. the property for the stipulated price, when he was notified by the plaintiff that the Tea and Coffee Company had concluded not to buy the property.

The cause was submitted to the court without a jury. Both parties introduced evidence with a view of explaining the receipt, it being uncertain whether the defendant received the $400 as earnest money on his individual account, or whether he, as the agent of the plaintiff, was to pay it as earnest money to the then owners of the property. The plaintiff's evidence tended to prove his understanding of the agreement, and that of defendant tended as strongly to prove his understanding. The defendant's evidence tended to prove further that, within a few days after the contract was signed, he had agreed verbally with the owners of the property for its purchase within the stipulated price, and that nothing remained to be done to consummate the purchase except to execute the deeds, and that this was prevented by the notice from the plaintiff that the Tea and Coffee Company had concluded not to take the property.

The finding and judgment were for the defendant,

and the plaintiff has appealed. He complains of the action of the court in giving and refusing instructions.

The plaintiff asked and the court gave the following instruction:

"1. If the court believes from the evidence that the plaintiff employed the defendant to negotiate with the owners for the purchase of the property described in the instrument of January 19, 1895, set out in the petition, and placed in the hands of the defendant $400 to be applied as earnest money in case defendant succeeded in bringing about an agreement on the part of the owners to sell the property described in said instrument within the limit of price therein named; that plaintiff shortly thereafter notified defendant not to proceed with such negotiations and demanded back said $400, and the defendant failed to return the same, then the court will find for the plaintiff."

At the defendant's instance the court gave the following instruction:

"1. The court sitting as a jury declares that in this case the plaintiff claims that he employed the defendant to act as his, the plaintiff's, agent in the purchase of certain real estate on the northeast corner of Seventh and Gratiot streets, in the city of St. Louis, and that he placed in the hands of defendant as his agent the sum of $400 here sued upon. The defendant on the other hand claims that the plaintiff did not employ him as his agent, and did not place the said sum of money in his hands as plaintiff's agent, but, on the contrary, that plaintiff negotiated for the purchase of said land from defendant, and that he paid said amount of $400 to defendant on account of the purchase price.

"If the court sitting as a jury finds and believes from the evidence that the defendant was not employed by the plaintiff as his agent, and that the said sum of

$400 was not placed in defendant's hands as agent of the plaintiff, but that plaintiff and defendant agreed that defendant should acquire the title to the premises above referred to, and should then sell the same to the plaintiff, and that plaintiff paid defendant $400 on account of the purchase price of said property, and that plaintiff thereafter failed or declined to consummate the said purchase, then the court will find a verdict for the defendant."

The plaintiff insists that the defendant's instruction is wrong, for the reason that, if the facts are as stated, the deposit could not be treated as earnest money in defendant's hands, since he was neither the owner of the property nor the agent of the owners with authority to sell. The terms of the memorandum, as explained by the defendant's evidence, imply that the money was to be used by him as earnest money, provided he became the owner of the property or secured control of it by a valid contract of purchase. This he admits he did not do, but his evidence tends to prove that he was prevented from doing so by the wrongful withdrawal of plaintiff from the contract. If this be true, his rights under the contract are the same as if he had fully performed it. If his instruction had contained this qualification or element, it would have been complete. As it is, it is incomplete, and therefore prejudicial.

It is insisted by counsel for plaintiff that, after the evidence was received, the interpretation of the writing was a question of law for the court and not one of fact for the jury, and that, therefore, the court erred in submitting the question to itself as the trier of the facts. Counsel have failed to note the exception to the general rule. The rule undoubtedly is that the construction of written instruments is for the courts, except where there is an ambiguity which must be solved by extrinsic

facts which are unconceded, or "where the writing is merely adduced as containing evidence of certain facts, from which different inferences may be drawn." *Mantz v. Maguire*, 53 Mo. App. *loc. cit.* 147.

Complaint is also made of the defendant's second instruction, which was to the effect that under the pleadings and evidence the plaintiff could not recover. This instruction was equivalent to a demurrer to the evidence, and, as the evidence bearing on the issues was conflicting, it was unwarranted. *Suddarth v. Robertson*, 118 Mo. 286; *Price v. Merritt*, 47 Mo. App. 570. This court in *Hess v. Clark*, 11 Mo. App. 492, treated such a declaration of law as having no other meaning than that the court upon the evidence found for defendant. This ruling is contrary to the subsequent decisions of this and the supreme court. When law actions are tried before the court, parties are entitled to declarations of law, which when given must be drawn in conformity with instructions given to a jury; that is, questions of law and fact should be so separated that it may be known by which class the finding was controlled. *Cape Girardeau v. Harbison*, 58 Mo. 90. Looking only to the instruction complained of, we could only conclude that in the opinion of the court the plaintiff had failed in his proof altogether. It does not indicate that the court as a trier of the facts weighed the evidence and found the issues for the defendant. Whether the giving of such an instruction is necessarily reversible error when the record discloses by other instructions that the evidence was weighed by the court, we need not decide, as the judgment must be reversed for error in defendant's first instruction. We think, however, that the practice is to be condemned.

For the reason stated the judgment of the circuit court will be reversed and the cause remanded. It is so ordered. All concur; Judge ROMBAUER in the result.