Patterson v. Gallimore.

SARAH A. PATTERSON, Executrix, etc., Respondent, v. J. W. GALLIMORE et al., Appellants.

Kansas City Court of Appeals, April 3, 1899.

1. Appellate Practice: BILL OF EXCEPTIONS: MOTION FOR NEW TRIAL. In order to review the action of the trial court in the appellate court it is necessary that the motion for a new trial should be incorporated in the original bill of exceptions, or a direction therein for the clerk to copy it.

2. ———: SHORT APPEAL: DENIAL OF COUNTER ABSTRACT. Where the appeal is on the short method and the appellant wishes to controvert respondent's additional abstract, he should specify his objections thereto in writing and file them with the clerk of the appellate court that he may order a certified copy of the original bill.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

G. S. Hoss and L. L. Scott for appellants filed brief and argument on the merits.

M. T. JANUARY for respondent.

(1) The motion for new trial must be be copied into the bill of exceptions, or there must be a direction to the

clerk to copy it; otherwise matters of exception will not be reviewed by the appellate court. R. S. Mo. 1889, sec. 2304; Ryan v. Growney, 125 Mo. 474; Martin v. LaMaster, 63 Mo. App. 342.

ELLISON, J.—This is an action of replevin in which judgment was entered for plaintiff by the trial court. In order to review the action of the trial court it is necessary that there should be a motion for new trial incorporated in the original bill of exceptions, or a direction therein to the clerk to copy it. Ryan v. Growney, 125 Mo. 474.

This appeal is what is known as the short form; a certificate of judgment being sent up in lieu of a full record. Appellants' abstract shows and sets forth a motion for new trial. But respondent files a counter abstract setting forth so much of the bill of exceptions as to show that the motion itself was not copied into it, and that it did not contain directions to the clerk to copy the motion. Respondent's counter abstract is not denied or questioned by appellant. We must therefore, under the provisions of section 2253, Revised Statutes 1889, assume respondent to be correct. If appellant desired to controvert respondent's abstract, he should, under that statute have specified his objections thereto in writing and filed with the clerk of this court and served respondent with a copy thereof, to the end that the clerk might order a certified copy of that part of the bill of exceptions in dispute.

There being, therefore, no motion for new trial we can not review the matters set forth in the bill of exceptions, and discovering no error in the record proper, the judgment will be affirmed. All concur.