GEORGE W. THOMPSON, Appellant, v. WILLIAM H. THORNE, Respondent.

St. Louis Court of Appeals, February 13, 1900.

1. Promissory Note: EVIDENCE: EXPLANATION OF TECHNICAL TERMS BY ORAL TESTIMONY. The reception of oral testimony on defendant's behalf in explanation of the meaning of the terms "tontine policy, and tontine installment policy" used in his application for the insurance, in part payment in which the note was given, was proper, and was not in violation of the rule that oral evidence will not be received, and is incompetent, that tends to contradict, alter or vary the writing.

2. ———: ———: ———: QUESTION FOR THE JURY. It was not the duty of the court to construe these terms, for their uncertain meaning rendered the written contract latently ambiguous, determinable as a fact, and the intent thereof was properly submitted to the jury.

3. ———: ———: ———: INSTRUCTIONS, CORRECT. Instructions numbers 3 and 4 given by the court on its own motion told the jury that respondent was bound by the terms of his application subject to an explanation of the foregoing technical terms, and at the same time submitted to the jury the question of the meaning of such terms, which was correct.

Thompson v. Thorne.

Appeal from the Wright Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Jas. R. Vaughan* and *F. M. Mansfield* for appellant.

No original briefs furnished.

*Thos. H. Musick* for respondent.

(1) The errors complained of by appellant are, that respondent was permitted to offer evidence of the explanation made to him by appellant, and of the understanding he obtained from such explanation of the meaning of the terms "tontine policy," and "tontine installment policy," as used in the application, and instruction number 4 given by the court to the effect that if appellant explained these terms as entitling respondent to receive a different character of policy from the one furnished, he had a right to reject it and refuse payment of the note. (2) It is true that ordinarily a written contract can not be explained by parol, but here are highly technical terms, confined in use to certain character of life insurance and the law appertaining to the same, and the meaning of which, perhaps, not one person in a thousand, outside of these professions, understands. These terms had to be interpreted to respondent before he could understand them. Heideman v. Wolfstein, 12 Mo. App. 366; Wm. Blair v. John Corby, 37 Mo. 313; Singleton v. St. Louis Mut. Ins. Co., 66 Mo. 63; McCurdy v. Breathitt, 5 T. B. Monroe 232; Buckingham v. Fitch, 18 Mo. App. 91; Chapman v. Allen, Kirby (Ct.) 399; Dwight v. Pomeroy, 17 Mass. 303; Parsons v. Hosmer, 2 Root 1 (Ct.); Tansell v. Brinkman, 16 Mo. App. 557; Thompson's Lessee v. White, 1 Dallas 424; Schuetz v. Bailey, 40 Mo. 69; Washburn v. Merrills, 1 Day, 139; Weil

v. Schwartz, 21 Mo. App. 372; Coit v. Commercial Ins. Co., 7 Johns 385.

Appellant's reply brief.

(1) In the first point made by respondent in his brief, he says that the words used in the application were highly technical and that Thorne could not understand them, and hence the explanation given by plaintiff and Cox bound the company. Again, technical terms are not ambiguous terms. Words may not be understood or their meaning known to people; in fact a large number of common English words are not understood by the majority of the people, but that does not make their meaning uncertain or ambiguous. It is only in the latter event that parol evidence is admissible. (2) Respondent again claims that the policy is not a tontine policy and he gives the definition of that word from an encyclopedia. What is meant by tontine, etc., is fully explained in the privileges and conditions, which were found both upon the back of the application and the policy. (3) As justifying the admission of parol evidence respondent says that a written contract made through accident, fraud, or mistake will permit it. But respondent must remember that this case was tried upon no such theory; that there was no claim of either and neither plead as a defense; the answer of the defense was a general denial and hence such evidence was not admissible. (4) The company treated the policy as paid for. The policy recites that the first premium was paid. Moreover such fact is no defense against the note, even if it was given for the premium, as the clause mentioned was for the benefit and protection of the company and not for Thorne's benefit. Again, in certain cases a note does amount to payment and this was one of them, and is established by respondent's authorities. Life Ins. Co. v. Stone, 42 Mo. App. 383. (5) The entire defense is based upon the theory that the applica-

tion and note can be contradicted by parol evidence. The application shows that it was an ordinary life policy, for which Thorne applied, with a tontine feature. The application says in second line that his application is "upon the plan described in this application," yet the court permitted him to testify that he did not apply for nor want a life policy, all of which appellant again insists was erroneous and on account of which the judgment should be reversed and a judgment entered in this court for plaintiff.

BOND, J.—This suit was begun before a justice on the following note:

"November 10, 1897.

"Feb. 1, 1898, after date I promise to pay P. A. Cox, agent, or order, $106.65 (one hundred and six 65-100 dollars) at Mountain Grove. Interest at the rate of eight per cent per annum from due until paid. This note to be void if Life Policy in the sum of $5,000 does not issue on life of William H. Thorne within sixty days from the date hereof.

"William H. Thorne,

"P. O. Mt. Grove, Mo."

Indorsed on the back of above note as follows:

"Demand notice and notice of protest waived.

"P. A. Cox."

Further indorsed as follows, to wit:

"Geo. W. Thompson."

Further indorsed on back as follows, to wit:

"Assigned to Geo. W. Thompson without recourse.

"Citizens State Bank,

"Feb'y 5, 1898.                     By E. E. Stewart, Cash."

Defendant had judgment. Plaintiff appealed to the circuit court, where defendant again had judgment, and plaintiff appealed to this court.

The errors assigned are, that the court admitted incompe-

tent evidence, and erred in its instructions to the jury. The first point relates to the reception by the court of oral testimony on defendant's behalf tending to show the meaning of the terms "tontine policy and tontine installment policy," used in his application for the insurance, in part payment of which the above note was given. The written application of defendant and the policy issued by the company constituted the contract between them and was not subject to alteration or contradiction by oral evidence. But this rule does not exclude oral testimony tending to show the meaning of technical words or terms of art or trade, or latent ambiguities. The terms "tontine policy and tontine installment policy" are fairly within these classifications, and there was no error in the reception of the oral evidence showing the meaning given to these terms by the parties representing the insurance company in obtaining a contract in which said terms were embodied. This point is therefore ruled against appellant. There was no error in the instruction submitting the issue, as to the meaning of these terms created by the conflicting evidence adduced by the parties. It was not the duty of the court (as contended by appellant) to construe these terms, for their uncertain significance rendered the written contract latently ambiguous, and the meaning of contracts of that sort must be resolved as a fact, and hence the intent is properly submitted to the jury.

An examination of the instructions discloses no error in the submission of the cause. Appellant complains that instruction number 4 in effect told the jury that respondent was not bound by his application. This point is not well taken. The court of its own motion gave instructions numbers 3 and 4. In the former it told the jury explicitly that respondent was bound by the terms of his application, subject to a modified right to show the explanation given by appellant of the technical terms above quoted which were contained in the

application.     In instruction number 4 the court in substance
said to the jury, that the question of the meaning of these
terms was the issue submitted to them, and directed the jury
that if they found in accordance with the testimony on behalf
of respondent, then they should further find that he had a
right to refuse the policy if it did not accord with the applica-
tion as it was explained and understood by him.     There was.
no error, under the facts in this record, in this instruction, and
the judgment is therefore affirmed.     All concur.