Wilcox v. Baer.

---

FRANK L. WILCOX, Respondent, v. ADOLPH BAER et al., Appellants.

St. Louis Court of Appeals, November 5, 1900.

1. **Contracts, Construction of:** USAGE, PROOF OF: USAGE OF MERCHANTS. It is well established that as to doubtful expressions or phrases in contracts, proof of usage is admissible in order to arrive at the meaning of parties.

2. ———: ———: ———: TRAVELING EXPENSES: AMBIGUITY. The phrase "traveling expenses" in a contract may present an ambiguity, that is, it may be understood and used by merchants in a particular and limited sense.

3. ———: ———: QUESTION FOR JURY. And the construction of a contract containing such a phrase is for the jury, and not for the court, when it depends on *extrinsic unconceded facts.*

4. ———: ———: CONSTRUCTION OF CONTRACT IN CASE AT BAR. The construction of the contract in the case at bar is that the plaintiff was to receive a fixed annual salary, to be paid in monthly installments, a portion of which he would be compelled to refund unless at the end of the year his sales reached thirty thousand dollars.

5. ———: ———: ———: DAMAGES FOR BREACH OF CONTRACT. And if he was not permitted to complete the contract through the wrongful act of the defendant, his damages for the unexpired time ought to be based on the amount which it is supposed he would earn during the year.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

REVERSED AND REMANDED.

*David Goldsmith* for appellants.

(1) The court erred in instructing the jury that the refusal of Baer, Seasongood & Company to pay the plaintiff's expenses in St. Louis was a violation of the contract in suit and justified his disobedience. Evans v. Mfg. Co., 118 Mo. 553; Sautier v. Kellerman, 18 Mo. 509; Weil v. Schwartz, 21 Mo. App. 372; Cole v. Skrainka, 37 Mo. App. 427; Long Bros. v. Armsby Co., 43 Mo. App. 265; Fitzsimmons v. Academy, 81 Mo. 37. (2) The court erred in excluding parts of Mr. Friedberg's deposition. 1 Bigelow on Fraud, p. 412. (3) The court erred in directing the jury to allow the expenses incurred and paid by the plaintiff in St. Louis, there being no evidence of the amount of the expenses so incurred, nor of their payment. (4) The plaintiff, if entitled

to recover, was only entitled to nominal damages. Noble v. Hand, 163 Mass. 289; Bingham v. Carlisle, 78 Ala. 243.

*Paxson & Clark* for respondent.

(1) The court did not err in instructing the jury that the refusal of Baer, Seasongood & Company to pay the plaintiff's expenses in St. Louis was a violation of the contract in suit and justified his disobedience. The language of the contract was plain and unambiguous; and if appellants desire to make it mean something other than it purported to mean they should have so pleaded. "It is necessary to plead a special custom where such custom is relied upon to take a case out of the general rules of law." Hayden v. Grillo's Adm'r, 42 Mo. App. loc. cit. 5. Nor did they seek to have the matter explained by instructions, and therefore they can not now take advantage of it. Evans v. Brass Co., 118 Mo. loc. cit. 554. (2) In all the cases cited on this point by appellants the question was raised by the pleadings and instructions. But appellants asked no instructions on the subject of "usage" or "custom," nor did they plead any. (3) Nor is it shown that plaintiff had knowledge of any such custom. But on the contrary plaintiff testified against the existence and knowledge of same. Hyde v. Book & News Co., 32 Mo. App. 298.

BIGGS, J.—The defendants are wholesale merchants in the city of St. Louis. The plaintiff is a traveling salesman. His home is at Independence, Missouri. In the fall of 1895 the defendants employed the plaintiff to travel for their house in the states of Missouri and Kansas. The contract provided "That Baer, Seasongood & Co., of the city of St. Louis have this day employed Frank L. Wilcox, of Inde-

pendence, Mo., for the term of one year, beginning November 15, 1895, and ending November 15, 1896, for the sum of $1,500 per annum and his traveling expenses. Salary to be paid in equal monthly installments of $125 each month, and as an additional compensation they further agree to pay him five per cent on all sales approved and shipped over $30,000 per annum.

"Said Frank L. Wilcox is to travel and sell goods for Baer, Seasongood & Co., exclusively in Kansas and such few towns in Missouri as we may designate. In consideration of above salary said Frank L. Wilcox further agrees to sell $30,000 worth of goods for said Baer, Seasongood & Co., during the time of this contract and in event of his failure to sell $30,000, said F. L. Wilcox is to pay to the said Baer, Seasongood & Co. five per cent on such amount as constitutes the difference between the amount actually sold and the amount $30,000 guaranteed to be sold."

The charge in the petition is that on the second day of April, 1896, the defendants, without just cause, discharged the plaintiff from their employ and thereafter refused to allow plaintiff to perform his contract. Then follow allegations that the plaintiff was unable to get employment elsewhere, and that he expended $62 for traveling expenses, which the defendants had refused to pay. Judgment was asked for the amount of the alleged salary during the remainder of the time, to-wit, $937.50, and also for the sum of $62, the amount expended by him, and which the defendants had refused to pay.

The answer admitted the discharge, but averred that it was justifiable because of plaintiff's disobedience of reasonable orders in connection with the business, in that it became necessary under the proper discharge of his duties under the contract for plaintiff to visit and remain in the city of St.

Louis during the entire month of March and up to the middle of April for the purpose of meeting merchants from his territory who were accustomed to visit St. Louis at the time specified for the purpose of buying goods. That the defendants requested the plaintiff to so remain in St. Louis, which he declined to do, whereupon the defendants discharged him from their service. The defendants also averred that they were induced to enter into the contract by reason of false representations by plaintiff to the effect that his previous employment had been satisfactory to his employers, and that his annual sales for them amounted to as much as thirty thousand dollars, whereas in truth and in fact the plaintiff had been discharged from his previous employment and his sales during the time did not amount to one-half of thirty thousand dollars, by reason of which defendants claimed that they could not be held for a violation of their contract.

In the reply the plaintiff admitted the request to come to and remain in St. Louis during the time specified. He averred that he obeyed the order and remained in St. Louis until the second day of April, when the defendants wrongfully refused to pay the expenses incurred by him while there, to-wit, $62, the amount mentioned in the petition; that thereupon he returned to his home, and the defendants immediately notified him of his discharge.

The jury returned a verdict against the defendants for $1,087.50. Of this amount plaintiff subsequently remitted $149.46, being interest allowed under one of the court's instructions. Judgement was entered for the remainder, from which defendants have appealed.

The circuit court instructed the jury that the refusal of the defendants to pay the expenses incurred by plaintiff while in the city of St. Louis was, as a matter of law, a violation

of the contract. Under the law and evidence this direction was wrong. The evidence offered by the defendants tended to prove that in contracts like the one under consideration it was universally understood among merchants that the phrase "traveling expenses" did not include the expenses of traveling men while waiting on the trade at the home of the business; that during this time they were expected to pay their own expenses wherever their homes might be. It is well established that as to doubtful expressions or phrases in contracts proof of usage is admissible in order to arrive at the meaning of the parties. Under this rule the courts have allowed proof of the usage of merchants who have expressions peculiar to themselves, in order to expound mercantile contracts. Evans v. Mfg. Co., 118 Mo. 553; Soutier v. Kellerman, 18 Mo. 509; Cole v. Skrainka, 37 Mo. App. 427. That the phrase "traveling expenses" may present an ambiguity, that is that it may have been understood or used by merchants in a particular and limited sense, can not be seriously controverted. Neither can it be controverted that the defendant's evidence tended to prove that the phrase did have a mercantile meaning and what that meaning was. Therefore the construction of the contract in respect to this matter was for the jury, and not for the court. We decided in Blanke v. Dunnerman, 67 Mo. App. 591, and Deutmann v. Kilpatrick, 46 Mo. App. 624, that an ambiguity in a contract must be determined by the jury when it depends on *extrinsic unconceded facts*. Therefore it was for the jury and not the court to say what the parties intended by the use of the words "traveling expenses," that is whether it was the agreement for defendants to pay all the expenses, or only such as plaintiff might incur while on the road.

The defendants produced evidence tending to prove the false representations alleged in their answer, and that the

defendants entered into the contract believing the representations to be true. The plaintiff denied making the statements, but admitted on cross-examination that he represented to the defendants that his sales had been satisfactory to his former employer. Just prior to entering the service of the defendants the plaintiff had been in the employment of Friend Brothers Clothing Company of Milwaukee, Wisconsin. The defendants proved by the president of that company that the annual sales of plaintiff for his company were less than fifteen thousand dollars a year, and that the plaintiff paid him five per cent on sales. The defendants also offered in evidence letters written by the company to plaintiff expressing dissatisfaction with his services, and stating that they were no longer desired by the company. The court rightly excluded the letters as being irrelevant. The alleged representation by the plaintiff that his annual sales while in the employ of the Friend Brothers Clothing Company, was material, and the circuit court properly allowed the defendants to prove its falsity. But the alleged representation that plaintiff's services were satisfactory to that company was immaterial, and hence the circuit court committed no error in rejecting evidence tending to disprove it.

It is contended by the defendants that under the contract the plaintiff's compensation was not a fixed amount, but was in effect to be determined by a certain commission on his sales, and that having been fully paid up to the date of his discharge the plaintiff could not in any event recover more than nominal damages. This is upon the idea that prospective or future damages in such a case would be purely speculative for the amount of sales would depend on so many contingencies that there could be no certain *criteria or data* from which such damages could be estimated. The defendants raised the question by an instruction, which the court

refused.   If counsel for defendants was right in his con-struction of the contract, his conclusion would certainly be right.    But we can not accept his view, although the question is not free of difficulty.    We think that the more reasonable and natural construction of the contract is that plaintiff was to receive a fixed annual salary, to be paid in monthly in-stallments, a portion of which he would be compelled to re-fund unless at the end of the year his sales reached thirty thousand dollars.    If he was not permitted to complete the contract through the wrongful act of the defendants, his dam-age for the unexpired time ought to be based on the amount which it was supposed he would earn during the year.

The counsel for plaintiff suggest that the request of the defendants that plaintiff should come to St. Louis to wait on the trade there, was outside of the contract, and therefore un-warranted.    It suffices to say that the validity or reasonable-ness of the order is recognized by the pleadings, the evidence and the instructions.

For the error pointed out the judgment will be reversed and the cause remanded.    All concur.