## J. W. REEDY ELEVATOR & MANUFACTURING COMPANY, Appellant, v. MERTZ & HALE, Respondents.

### Kansas City Court of Appeals, April 25, 1904.

1. **APPELLATE PRACTICE: Short Appeal: Respondent's Record: Order.** Under section 813, Revised Statutes 1899, if the appellant is not satisfied with the respondent's additional abstract, he should state his objections thereto in writing and file them with the clerk of the appellate court, and the clerk should then order a certified transcript of the record in dispute and where the appellant fails to ask for such order the appellate court will take the abstract made by the respondent.

2. **TRIAL PRACTICE: Contract: Ambiguity: Jury Question.** Where there are ambiguous phrases in a contract that may mean either of two things it is proper to admit evidence as to which of the two things was intended and submit the same upon proper instructions to the jury.

Appeal from Benton Circuit Court.—*Hon. W. W. Graves,* Judge.

AFFIRMED.

*H. T. Williams* for appellant.

(1)   When the provision is read in the light of the whole contract and the purpose for which a passenger elevator is made it is not ambiguous, and no issue of fact as to the interpretation thereof should have been submitted to the jury.  Burress v. Blair, 61 Mo. 175; Chapman v. Railroad, 114 Mo. 542; Fruin v. Railway, 89 Mo. 397; Brannock v. Elmore, 114 Mo. 55; State v. Lafaivre, 53 Mo. 470; Miller v. Dunlap, 22 Mo. App. 97; Brooks v. Ins. Co., 11 Mo. App. 350; Bishop Con., sec. 377, secs. 382, 422; 2 Wharton Con., sec. 658.   (2) There is nothing doubtful or ambiguous or obscure in the words shock and jar used in the contract.  They are plain, simple untechnical words used in an elevator contract.  They relate to the elevator, not to the waterworks.  If the court had read and looked to the terms of the contract itself for the application of the words the impossibility of applying them to anything outside the elevator would have been apparent.  They could not become doubtful except by considering outside matters. Dewtman v. Kilpatrick, 46 Mo. App. 624; 3 Pat., Dig., 3020, par. 144; Lancaster v. Ins. Co., 92 Mo. 460; Ittner v. Music Hall Assn., 97 Mo. 561.   (3)  It is common knowledge that the elevator proper is the car which carries the passengers.  The whole contract speaks with reference to results to be obtained in its operation. Dewtman v. Kilpatrick, 46 Mo. App. 624; Elect. Co. v. Bry, 88 Mo. App. 135.   (4)  The contract sued on is complete upon its face; it demonstrates its entirety by detailing specifically what each party is to do.  In this condition it was signed and accepted by both parties, it is therefore conclusive on both parties alike.  Williams v. Stifel, 64 Mo. App. 138; 2 Pattison's Dig., 1173, par. 1935 and 1936; Davis v. Scovern, 130 Mo. 303; 1 Greenleaf, sec. 275; Boyd v. Paul, 125 Mo. 9; Perkins v. Bakrow, 45 Mo. App. 248; Bank v. Cushman, 66 Mo. App. 102; Morgan v. Porter, 103 Mo. 35; 1 Greenleaf, sec. 275; Pugh v. Ayers, 47 Mo. App. 590.

*John H. Bothwell* and *Sangree & Lamm* for respondents.

(1)   The controlling canon of construction of contracts and other instruments of writing, which may be obscure or susceptible to more than one meaning, is to read the intent of the contracting parties by the light of the circumstances which surrounded them and attended the use of the words and phrases in question.   To this end, the situation of the parties, their relation to each other, what was said and done, and the purpose to be attained will be considered.   The court should place itself as nearly as possible in the shoes of the parties to the contract.   Newberry v. Durand, 87 Mo. App. 290; Ellis v. Harrison, 104 Mo. 270; Dobbins v. Edmonds, 18 Mo. App. 307; Carr v. Lackland, 112 Mo. 456; Lumber Co. v. Warner, 93 Mo. 374; Long v. Timms, 107 Mo. 512; Walsh v. Hill, 38 Cal. 481; Foster v. McGraw, 64 Pa. St. 464; Musgat v. Pumpelly, 46 Wis. 660; Lancey v. Ins. Co., 56 Me. 562.   (2)   Oral evidence is always admissible, not to contradict, take from or add to, but, when ambiguity or uncertainty exists, to explain and ascertain the true meaning of the terms of a written contract, and to aid in its construction.   In such cases it is admissible to show not only the surrounding circumstances and the situation of the parties, but their relation to each other and to the subject-matter of the agreement, as well as the object and purpose of both parties in entering into the agreement, as avowed at the time it was prepared and executed.   See foregoing authorities, also, West v. Smith, 101 U. S. 263, 25 Law Ed. 809; Stoops v. Smith, 100 Mass. 63; Brown v. Fales, 139 Mass. 26; 1 Greenleaf on Ev. (15 Ed.), sec. 286 and authorities cited under note a.   (3)   The terms of the contract about shock and jar being of uncertain application by the dry letter of the contract, the court did right in permitting extrinsic evidence to throw light on the meaning of its terms as understood at the time, and did

right in submitting the issue to the jury in a hypothetical instruction. Newberry v. Durand, 87 Mo. App. 290; Wilcox v. Baer, 85 Mo. App. 587; Deutman v. Kilpatrick, 46 Mo. App. 624.

ELLISON, J.—Plaintiff brought this action for the contract price of a passenger elevator which it furnished and put into defendants' building in the city of Sedalia. Defendants made claim that the elevator did not meet the terms of the contract and was wholly useless to them. They also set up a counterclaim arising out of expense in getting the building ready for installing the elevator, etc. The judgment in the trial court was against the plaintiff and in favor of defendants on the counterclaim in the sum of two hundred and sixty dollars. Plaintiff thereupon perfected an appeal to this court.

Each party to the controversy has presented a lengthy statement, involving much that does not concern the merits of the controversy at its present stage. These statements disclose a wide difference between them as to matters said to be of record, as well as other matters not necessary to a disposition of the appeal. Defendants point out the failure of plaintiff to except to the action of the court on the instructions, as shown by its abstract. Plaintiff then, in a "reply to defendants' counter abstract and brief," cites the bill of exceptions itself to show that it did except to the rulings of the court on the instructions. But the appeal is by what is known as the short form and we have no access to the bill of exceptions. It is especially provided by section 813, Revised Statutes 1899, that if the appellant is dissatisfied with the respondents' additional abstract he shall specify his objections thereto, in writing, and file the same with the clerk of the appellate court, and thereupon the clerk shall order a certified transcript of the part of the record in dispute. No such order was

asked of the clerk and we must take the abstract made by plaintiff as we find it.

But passing that by and looking into the objection to the instructions given by the court of its own motion, we find that they are not subject to criticism. The written contract contained the following provision:

"We will furnish one of our improved combined operating and automatic valves, constructed expressly for high speed elevator service. The valves are so balanced that but a slight power is required to operate them. The movable parts of the valves where they come in contact with the water are made of solid brass, and in opening and closing they receive and discharge the water through graduated openings, thus avoiding shock and jar. The inward and outward flow of the water through the operating valve is regulated by the operator in the cab."

The elevator was one which is operated by water power and in the instance in controversy was to be connected with the waterworks of Sedalia. The principal instruction submitted to the jury whether the words, "thus avoiding shock and jar," in the portion of the contract just quoted, referred to the city water pipes and machinery connecting with the elevator, or to the jarring of passengers in a sudden movement of the elevator. We think it was proper for the court to submit the question to the jury. The evidence disclosed that the water company when approached for power with which to operate the elevator, raised the objection that it would result in jarring the water pipes and produce what is termed "water hammer," or "shock and jar;" and the device mentioned in the contract was then brought forward as a preventive of such trouble. When the attachment was made and the operation of the elevator was begun, it was discovered that the injury and danger to the water pipes from water hammer or shock were such as to compel the water company to refuse to

supply power. It appears that litigation then arose with the water company by mandatory injunctive process to force it to supply the necessary water, the result finally being that no permanent injunction was obtained.

In view then of plaintiff's contention that these words of the contract referred to shock and jar of the passengers, we are satisfied that the contract was uncertain and equivocal of meaning and that it was proper for the court to admit the evidence on that head to show the situation of the parties and the circumstances surrounding the transaction; and then submit to the jury what was intended by the disputed expression; directing them, that if they believed it referred to the water pipes and machinery, to find for defendants; but that if it referred to the elevator itself, then to find for plaintiff. Wilcox v. Baer, 85 Mo. App. 587; Deutmann v. Kilpatrick, 46 Mo. App. 624; Blanke v. Bunnerman, 67 Mo. App. 591; Ellis v. Harrison, 104 Mo. 270; Carr v. Lackland, 112 Mo. 442.

There were many other objections made to the judgment which we regard as not of sufficient substance to justify a reversal of the judgment. But aside from this, the plaintiff is in no situation to complain, since it appears from both the original and subsequent abstract that there was no exception taken to overruling the motion for new trial.

The judgment is affirmed. All concur.