BUSTER BROWN COMPANY, Appellant, v. NORTH-MEHORNAY FURNITURE CO., Respondent.

Kansas City Court of Appeals, April 4, 1910.

1. **EVIDENCE: Written Contract: Ambiguity.** When a written contract contains material expressions which are ambiguous, they may be explained by oral testimony.

2. ————: ————: ————. The expression in a written contract: "Ad. Service consisting of: One Little Housemaid cut for each week," is such as will justify oral testimony as to what its meaning was understood to be.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*Clarence A. Capron* and *Willis H. Leavitt* for appellant.

(1) It is fundamental that when an undertaking of parties is reduced to writing, in the absence of fraud, accident or mistake, it is conclusively presumed that the whole engagement and manner and extent of their undertaking were reduced to writing. Dexter v. MacDonald, 196 Mo. 391; Official, etc., Co. v. Weber, etc., Co., 130 Mo. App. 650; Plumb v. Cooper, 121 Mo. 676. (2) When the contract is unambiguous, its language clear and explicit, and its terms easy of interpretation, parol evidence of any kind is inadmissible to explain, qualify, restrict or enlarge any of its terms. Strother v. American, etc., Co., 116 Mo. App. 526; Neville v. Hughes, 104 Mo. App. 464; Anthony v. Rockefeller, 102 Mo. App. 330; Crim v. Crim, 162 Mo. 544; International, etc., Co. v. Lewis, 130 Mo. App. 161; Adv. Co. v. Furn. Co., 66 S. E. 480; Fleming v. Saterfield, 4 Ga. App. 351; Barrie v. Smith, 105 Ga. 34. (3) Even though some part of an agreement be omitted, if the writing contains a complete contract, it is not competent to supply the omission by oral testimony. Koehring v. Muemminghoff, 61 Mo. 407; Official, etc., Co. v. Weber, etc., Co., 130 Mo. App. 650.

*Roy B. Thompson* and *Sebree, Conrad & Wendorff* for respondent.

(1) The meaning of the term "little housemaid cut" is ambiguous and parol testimony is admissible to prove its meaning. Thompson v. Thorn, 83 Mo. App. 241; Wilcox v. Baer, 85 Mo. App. 592; Blanke v. Dunnermann, 67 Mo. App. 596; Newberry v. Durant, 87 Mo.

App. 295; Ellis v. Harrison, 104 Mo. 270; Adler v. R. Co., 92 Mo. 242; Edwards v. Smith, 63 Mo. 119; Nordyke & Marmon v. Kehlor, 155 Mo. 656; Dentmann v. Kilpatrick, 46 Mo. App. 624; Elevator Mfg. Co. v. Murtz & Hale, 107 Mo. App. 28; Bertig-Smythe v. Lbr. Co., 112 Mo. App. 259; Williams v. Santa Fe Ry. Co., 153 Mo. 534; St. Louis, etc., Co. v. St. Louis, 46 Mo. 121; Sweet v. Shumway, 102 Mass., 365.

ELLISON, J.—This action is founded on a written contract executed by defendant. The judgment was for plaintiff in the sum of fifty dollars, and being dissatisfied with that amount, it appealed.

The following is the contract:
"To the Buster Brown Co.,
"Fine Arts Bldg., Chicago, Ill.
"Date Nov. 3, 1906.

"Gentlemen: For one year beginning at once ship us monthly by express at our expense your "Ad. Service" consisting of: One Little Housemaid cut for each week. We agree to pay you net cash on receipt at the rate of $6 per week, we to have exclusive right to use same in our city only, and to hold said type and cuts subject to your order when this contract expires.

"Send us also during the term of this contract subject to above conditions:

"1 font Little Housemaid Type (8 lbs. in font) (once only) at $4 per font.

"This contract shall extend one year more unless you receive notice from the undersigned to the contrary ninety days before the expiration of the above contract period.

"North-Mehornay F. Co.
"Town—Kansas City.
"State—Mo.

"Print our name on Souvenir Calendar Post Cards as above.

"Lines of Goods we carry.

"Fill in 'Yes' or 'No.'

    "Carpets

    "Furniture

    "Crockery

    "Stoves

    "Carpets—Yes

    "Household Goods

    "Rugs

"Salesmen are not authorized to alter this contract by verbal agreement."

The principal matter alleged as error is the action of the court in admitting oral evidence to explain what was understood between the parties by the expression in the contract "Ad. Service consisting of: One Little Housemaid cut for each week." Plaintiff has cited us an array of authority that parol evidence is not admissible to vary the terms of a written contract. That proposition is not denied by defendant; but it is insisted that such rule of law only applies when the writing is complete, and its terms are in language that can be understood, that is, in unambiguous phraseology. Such is the law. [Calloway v. Henderson, 130 Mo. 77; Thompson v. Thorne, 83 Mo. App. 241; Wilcox v. Baer, 85 Mo. App. 587; Blanke v. Dunnermann, 67 Mo. App. 591; Newberry v. Durand, 87 Mo. App. 290.]

In our opinion it was permissible to explain what was understood by "One Little Housemaid cut for each week." And that no error was committed in the evidence admitted by the court. But aside from this, the plaintiff first introduced parol testimony as to what was said by the parties before and at the time of executing the contract as to what plaintiff would do, and as to promises made.

What we have said covers the several specific propositions set forth in plaintiff's brief, and therefore, properly speaking, disposes of the case. But some other suggestions are made in the statement and in the argument, which we will notice. The answer was composed

of three counts. The second set up fraud on part of plaintiff. This was abandoned by defendant, and for that reason an instruction offered by plaintiff on that subject was refused. There was no error in that. Nor was there any material or reversible error in refusing to permit the jury to take the contract with them to the jury room. Plaintiff did not offer to read it to the jury and it was not read. We do not see, in such circumstances, that complaint can be made of the trial court's exercise of its discretion in refusing it admission to the jury room.

There is no error in the record and the judgment is accordingly affirmed. All concur.