ANNA ADAMS, Respondent, v. NEW YORK LIFE
INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, June 30, 1911.

1. **APPELLATE PRACTICE: Additional Abstract: Conclusiveness.** Where respondent files an additional abstract in due time, and it is not controverted by appellant, as provided by section 2048, Revised Statutes 1909, its recitals are presumed to be true.

2. **DEATH: Seven Years' Absence: Statute: Construction.** Section 6340, Revised Statutes 1909, providing that if any resident of this state go from and do not return to the state for seven successive years, he shall be presumed to be dead, unless proof be made that he was alive within that time, is not in derogation of the common law, and should, therefore, be so construed as to effectuate the legislative intent, by observing its spirit, rather than to defeat its purpose by adhering to the letter.

3. ————: ————: ————: **Burden of Proof.** In an action in which it is necessary for the plaintiff to prove the death of a person and that fact is sought to be established by a presumption, under section 6340, Revised Statutes 1909, in order to invoke the presumption, it devolves on the plaintiff to prove, among other things, that such person left the state.

4. ————: ————: ————: **Construction.** Section 6340, Revised Statutes 1909 contemplates that the absence of a person for seven successive years, if there be no proof that he was alive within that time, will afford a presumption of his death, whether such seven successive years be those immediately following his departure from the state or those following more recent tidings of his whereabouts.

5. ————: ————: ————: **Rebutting Presumption: Sufficiency of Evidence: Life Insurance.** Where plaintiff's husband, who was a defaulter, left the state, proof that he was seen in the Hawaiian Islands five months thereafter was insufficient to rebut the presumption that he was dead, in an action on a life policy, where the proof showed that he had not been seen or heard from for more than seven years after he had been so seen in Hawaii.

6. ————: ————: ————: **Rebutting Presumption: Sufficiency of Evidence: Life Insurance.** In an action on a life insurance policy, where the evidence was sufficient to warrant the presumption, under section 6340, Revised Statutes 1909, that insured was dead, evidence by witnesses who were well

acquainted with insured that they thought they saw him at different places during the seven year period of his absence, but would not be sure, was of only slight probative force, and was, therefore, properly rejected by the court in its finding, as insufficient to rebut the presumption.

Appeal from Audrain Circuit Court.—*Hon. J. D. Barnett*, Judge.

AFFIRMED.

*Jones, Jones, Hocker & Davis* for appellant; *James H. McIntosh* of counsel.

(1) The court erred in overruling defendant's objection to the introduction of any evidence on the ground that the petition failed to state a cause of action. Cook v. Putnam, 70 Mo. 668; Verdin v. St. Louis, 131 Mo. 157; Mallinckrodt v. Nemnich, 169 Mo. 388; Pier v. Heinrichshoffen, 52 Mo. 333; Scott v. Robards, 67 Mo. 289. (2) The court erred in overruling defendant's demurrer to the evidence made at the close of plaintiff's testimony and at the close of all the testimony: (a) Because this case does not fall within the terms of section 6340. Dickens v. Miller, 12 Mo. App. 413; Biegler v. L. of H., 57 Mo. 415; Bradley v. Modern Woodmen, 146 Mo. 428. (b) Because this case does not fall within the spirit of section 6340. Mutual Reserve v. Roth, 122 Fed. 853; Church v. United States, 143 U. S. 457; U. S. v. Kirby, 7 Wall 482; Chauncey v. Dyke, 119 Fed. 1; Manley v. Patterson, 73 Miss. 417; Latham v. Tombs, 73 S. W. 1060. (c) Because there was no allegation or proof which authorized a presumption of death under the common law rule. Hancock v. Ins. Co., 62 Mo. 26; Loring v. Steineman, 1 Metcalf, 204; Dickens v. Miller, 12 Mo. App. 408; Flood v. Gawney, 126 Mo. 264; Watson v. England, 14 Sim. 27; Bowden v. Henderson, 2 Smale & Gif. 360; Bradley v. Modern Woodmen, 146 Mo. 428; McMahon v. Elroy, I. R. 5, Eq. 1; In re

Mileham, 15 Beav. 507; In re Miller's Est., 9 N. Y. Sup. 639; Seeds v. A. O. U. W., 93 Iowa 175; Keller v. Stuck, 4 Reaf Sur. 294; Donovan v. Twist, 93 N. Y. Supp. 990; In re Wolff's Est., 12 Wkl. N. of C. 535; Renard v. Bennett, 76 Kan. 853. (d) Because there was no inquiry or search made for the absentee. Modern Woodmen v. Gerdom, 72 Kan. 1100; Hitz v. Algreen, 170 Ill. 60; Posey v. Hanson, 10 D. C. App. 496; Brown v. Grand Lodge, 110 Pac. 351; Renard v. Bennett, 76 Kan. 850; Prudential v. Edmunds, 2 App. Cas. 487; Bailey v. Bailey, 36 Mich. 185; Stitchfield v. Emerson, 52 Me. 465. (e) Because the presumption of death does not arise from a mere absence from a given domicile where it appears that he has changed his domicile. Francis v. Francis, 180 Pa. 644; 1 Am. and Eng. Ency. Law (1 Ed.), 37; Whiteside's Ap., 23 Pa. 114; Holmes v. Johnson, 42 Pa. 159; Hitz v. Algreen, 170 Ill. 60; Stitchfield v. Emerson, 52 Me. 465; Mauley v. Patterson, 73 Miss. 421; Renard v. Bennett, 76 Kan. 849; Garnwood v. Hastings, 38 Cal. 229.

*Robertson & Robertson* for respondent.

(1) The petition states a cause of action both under the statute and the common law. It not only alleges facts sufficient to constitute a presumption of death under either but it alleges that the insured "is dead." Secs. 271, 6340, R. S. 1909; Lancaster v. Insurance Co., 62 Mo. 121; Hancock v. Insurance Co., 62 Mo. 26; Flood v. Growney, 126 Mo. 262; Wheelock v. Overshiner, 110 Mo. 100; Lajoye v. Primm, 3 Mo. 368; 13 Cyc. 297, 298. (2) Not only is a cause of action stated but it was proven. An allegation of a particular date at which the insured died is unnecessary. A statement of the facts from which death will be presumed, or a statement of the fact that such person is dead is sufficient. It is the current of authorities that the presumption is only that the person is

dead at the end of seven years and does not extend
to his death having occurred at the end of the seven
years prior or at any other particular time within
that period. State ex rel. v. Moore, 11 Iredell's Law,
160; Stinchfield v. Emerson, 52 Me. 465; Ashbury v.
Sander, 8 Cal. 62; Meyer v. Madreperla, 68 N. J. L.
258; Hoyt v. Newbold, 16 Vroom 219; Bliss on Life
Ins., secs. 204, 205, 206; Benefit Societies and Life
Ins. (Bacon), sec. 47, note 1, p. 946; Biegler v. Su-
preme Council, 57 Mo. App. 419; Chapman v. Kull-
man, 191 Mo. 237; Gilroy v. Brady, 195 Mo. 205;
Winter v. Supreme Lodge, 96 Mo. App. 1; Bradley v.
Modern Woodmen of Am., 146 Mo. App. 428; Lawson
on Pres. Ev., pp. 200-239.

NORTONI, J.—This is a suit on a policy of life
insurance. Plaintiff recovered and defendant prose-
cutes the appeal.

The policy sued upon was issued by defendant
upon the life of Philip S. Adams, payable to plaintiff,
his wife, upon his death. A number of years ago,
the original policy was converted into a paid-up policy
for the amount of $1900 and this amount is conditioned
to be payable to plaintiff on the death of her husband,
the insured. The insured, Philip S. Adams, disap-
peared from his home at Fulton, Missouri, January
13, 1902, and the presumption of death is relied upon
for a recovery because of his continuous absence for
more than seven years without tidings.

It is first urged that the petition is insufficient,
for the reason it omits to aver that Adams is dead.
From the original petition incorporated in defend-
ant's abstract, it appears this averment is absent, but
the question is concluded to the contrary by the show-
ing of a sufficient petition in an additional abstract
filed here by plaintiff. In due time, plaintiff filed an
additional abstract setting forth the petition on which
the case was tried, together with certain proceedings

had in the trial court permitting her to amend by inserting an averment to the effect that the insured is dead. The amended petition contains an averment that Adams, the insured, is dead. This additional abstract so filed by plaintiff is not controverted by defendant as required by the statute (section 2048) and in such circumstance the law presumes the showing made therein to be true, for, by omitting to controvert the additional abstract under the statute, defendant is to be treated as having confessed it. [Reedy Elev., etc., Co. v. Mertz, 107 Mo. App. 28, 80 S. W. 684; Patterson v. Gallimore, 79 Mo. App. 457.] The point made against the sufficiency of the petition should be overruled.

There is no direct evidence that Adams, the insured, is dead, but the presumption of seven years' continuous absence from the state without tidings suggesting that he continued to live is relied upon as proof of that fact. It appears that Adams was cashier of a bank at Fulton, Missouri, where he had resided for many years and from whence he suddenly departed January 13, 1902. He is shown to have been generally regarded as a good citizen who was especially fond of and affectionate toward his family. Neither his wife, the plaintiff, nor others were informed as to his intentions when he went away, but it appears the bank of which he was cashier failed a few days thereafter, and there is considerable evidence in the record tending to prove he was short in his accounts. Adams was seen by an old acquaintance in the State of Texas two days after leaving Fulton and said that he was then en route to San Antonio in that state. The evidence for plaintiff goes to the effect that neither she nor other members of the family had heard from her husband since his departure except in this one instance where he was casually met by Mr. Bush in Texas on January 15th, two days after leaving his home.

For defendant the evidence tends to prove that a former acquaintance, one Yates, met the insured at Honolulu, Hawaiian Islands, and spent a month with him in June and July of the year that he disappeared, 1902. This witness says that he accompanied Adams to the steamer and he sailed from Honolulu for Japan. Another witness for defendant said that he thought he saw Adams at Lake Charles, Louisiana, about the year 1904 or 1905, but would not be positive that it was he, though he had known him for a number of years. One other witness said that just before Christmas, 1904, he saw a man through a window of a boarding house in Memphis, Tennessee, who looked like Adams, and that he thought it was he but was not sure. This witness also had known Mr. Adams for a number of years. This suit on the policy was filed on April 26, 1910, so it appears that, though it be true the witness, Yates, spent a month with Adams in Honolulu during June and July, 1902, and accompanied him to the steamer when he took passage for Japan, more than seven years elapsed thereafter before the suit was filed.

The only issue in the case pertains to the death of Adams, and the controversy here in a measure relates to the sufficiency of the proof on that score. A jury was waived and the matter was tried before the circuit judge, who found the issue for plaintiff as though Adams, the insured, was dead before the suit was instituted. Though the evidence for defendant tended to prove Adams was short in his accounts, it does not appear that he was indicted, and, by the giving of defendant's first declaration of law, it appears the court found as a fact that Adams was not a fugitive from justice and that the probabilities were greater that he was dead than that he was still alive. Our statute touching the presumption of death from seven successive years' absence without tidings is as follows:

"If any person who shall have resided in this state go from and do not return to this state for seven successive years, he shall be presumed to be dead in any case wherein his death shall come in question, unless proof be made that he was alive within that time." (Sec. 6340, R. S. 1909.)

In view of this statute, defendant requested the court to declare the law to be that if Adams was seen at Honolulu in the Hawiian Islands some five months after his disappearance from home, then the presumption of his death because of such absence from the State of Missouri was thereby rebutted and the finding should be for defendant. The court refused this request and it is argued the judgment should be reversed therefor. Putting aside the presumption of death at common law, it is argued the statute above quoted should be strictly construed and that within the sense of its terms the presumption afforded thereby does not obtain except in those cases where the person had not been seen or heard from at all after leaving the state. We believe this argument to be unsound, for, instead of being in derogation, the statute is in aid of the common law. It should therefore be so construed as to effectuate the legislative intent through observing its spirit rather than to defeat its purpose by adhering solely to the cold letter of the law. The argument is, that the seven consecutive years' absence which goes to afford a presumption of death are those which ensue immediately after the absent person has left the state. It is said that, by the terms of the statute, this presumption is repelled if proof is made that he was alive within that time, but we do not accede to the proposition so extended. If this argument be sound, then the presumption should be treated as conclusively repelled in the circumstances of the instant case, for to the end of bringing it within the purview of the statute, plaintiff herself introduced the evidence of Bush to the effect that he had seen her husband and

talked with him in Texas two days after he left the state. The law casts the duty upon plaintiff to show that her husband had left the state in order to invoke the presumption afforded by the statute. [See Dickens v. Miller, 12 Mo. App. 408; Biegler v. Sup. Council, 57 Mo. App. 419.] It would be a most unreasonable construction of the statute, indeed, which would create a situation so harsh as that involved in requiring plaintiff to prove her husband had actually left the state before the presumption provided for therein would become available and then declare it repelled because such proof was made. We believe it is because it appears to be an extreme view that no argument has been predicated by defendant upon the fact that plaintiff's husband was seen in Texas two days after his departure but proceeds entirely from the evidence that he was seen and communicated with in Honolulu five months thereafter; for in principle the one is equally as sound as the other.

The court refused defendant's instruction suggesting that if Adams was seen at Honolulu five months after his departure, then the presumption arising from the statute was repelled thereby, on the theory that continued absence for seven successive years is sufficient to create the presumption of death, though such seven years be those immediately following the departure from the state, when it does not appear the party was alive within such time. We adopt this as the correct view, for the statute obviously contemplates that an absence of seven successive years, without proof that the insured was alive within that time, shall afford a presumption of his death, whether such seven successive years be those immediately following his departure from the state or those which follow more recent tidings of his whereabouts. The precise argument under consideration here was advanced before the Supreme Court of Kentucky on the statute of that state which is identical with our own, and the

court pronounced a like judgment thereon in Mutual Benefit Life Ins. Co. v. Martin, 21 Ky. Law Rep. 1465, 55 S. W. 694. In that case, Martin, who was a defaulting state treasurer, suddenly departed from the state on March 16, 1888. It was shown that he was in Japan and China and that he was living on December 12, 1888, but no tidings were had as to him or his whereabouts thereafter. On these facts, the court considered and answered the argument put forward by counsel here and said:

"The statute must receive a reasonable construction with a view to promote its object. It is necessary to have some period when the presumption of life ceases in this class of cases, and it seems to us a fair construction of the statute to apply it where the person leaving the state is absent for seven consecutive years after he is last heard from, and then to throw the onus of proving the person alive on the other party." (See Mut. Ben. Life Ins. Co. v. Martin, 21 Ky. Law Rep. 1465, 55 S. W. 694.)

But aside from this, the question, though not discussed in the opinion, is involved and determined in the judgment of our own Supreme Court in Wheelock v. Overshiner, 110 Mo. 100, 112, 113, 19 S. W. 640. In that case, it appeared that Mrs. Brittain's husband left his home in Missouri in August, 1874, and remained for a time in this state about Joplin where he was shown to be six months thereafter. A year after leaving his home, about August, 1875, he was shown to be living and confined in the penitentiary at Little Rock, Arkansas. Notwithstanding the fact that it appeared he was living some time after he left the state, the Supreme Court declared that as he was absent for seven consecutive years after being last seen in August, 1875 in another state, he was presumed to be dead on the first of September, 1882, in the absence of evidence tending to prove that he was alive after August, 1875.

Conceding Adams to have been living during June and July, 1902, when he was seen in Honolulu and departed therefrom for Japan, it appears that his absence continued for more than seven successive years thereafter before the suit was filed, April 26, 1910, without proof of his being alive during that time; for the statement of the one witness that he thought he saw Adams at Lake Charles, Louisiana but would not be positive and that of another that he thought he saw him through the window of a boarding house in Memphis but would not be sure about it were no doubt of but slight probative force and, therefore, properly rejected by the court in its finding as insufficient to rebut the presumption afforded by the statute. In this view, it will be unnecessary to consider the common law presumption at all.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.