GEORGE L. TILTON vs. JOHN Q. A. WHITTEMORE & another.

Plymouth.    November 12, 1908. — May 20, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Contract*, Construction.   *Guaranty.*

In an action of contract it appeared that by an agreement in writing the plaintiff agreed to buy of the defendant one thousand dollars' worth of the stock of a certain company, and the defendant agreed to repurchase the stock at the end of one year for the sum of $1,000, if the plaintiff so desired, and guaranteed to pay him "dividends amounting to not less than eight per cent per annum on the above one thousand dollars' worth of stock." The plaintiff received the stock and did not exercise his right to call upon the defendant to purchase it at the end of a year. He received dividends upon the stock at the rate of eight per cent per annum for one year and two months, and after that received no dividends whatever. He brought the action on the guaranty to recover the amount of $80 a year for the period that had elapsed since the payment of dividends had ceased. The judge, who heard the case without a jury, found for the defendant and gave judgment for him. Upon an appeal by the plaintiff, it was *held*, that the judgment should be affirmed; that, if the guaranty should be construed as running for a reasonable time, it would be difficult to say as matter of law that a finding that a reasonable time had elapsed at the end of fourteen months was wrong, but that the more reasonable construction of the agreement was that the guaranty was intended to be limited to the year to which the obligation to repurchase was limited, and therefore that all the dividends which were guaranteed had been paid.

MORTON, J.   This is an action of contract to recover from the defendants unpaid dividends which the plaintiff alleges are due him from them by virtue of a written contract dated November 24, 1900, by which the plaintiff agrees to purchase of the defendants one thousand dollars' worth of Sedalia Copper Company stock at $10 per share on certain conditions, namely, that the defendants agree to repurchase the stock on November 24, 1901, for the sum of $1,000 if the plaintiff so desires, and that they guarantee to pay him "dividends amounting to not less than 8 % per annum on the above one thousand dollars' worth of stock." We have stated the conditions in what seems to us their natural order and not in the order in which they occur in the contract.

The contract was duly executed by the parties, and the plaintiff paid for and received the stock as stipulated. Dividends

were paid for fourteen months, till January 24, 1902, at the rate of eight per cent per annum, but none have been paid since, and the plaintiff seeks to recover in this action dividends at the rate of $80 a year from that date to November 23, 1906. The date of the writ was February 2, 1907. The plaintiff did not avail himself of the defendants' agreement to repurchase. It is possible that the dividends that were paid were paid by the defendants' procurement with an eye to that contingency, the last one having been paid only two months after the year expired; but there is nothing to warrant such a finding, if material. The case was heard by a judge* without a jury on agreed facts with power to draw inferences. The judge ordered judgment for the defendants, and the plaintiff appealed.

The case is not free from difficulty, but we think that the ruling was right. The guaranty admits of several constructions, — either that the dividends were to be paid as long as the plaintiff held the stock, or during the life of the corporation, or for a reasonable time, or for the year to which the obligation to repurchase was limited.

If the guaranty be construed as running for a reasonable time, then it would be difficult to say as matter of law that the finding which in that aspect of the case the judge must have made, that a reasonable time had elapsed when the last dividend was paid was wrong, and the judgment would have to be affirmed on that ground.

But, on the whole, we think that the more reasonable construction of the agreement is that the guaranty was intended to be limited to the year to which the obligation to repurchase was limited. We regard the guaranty rather as collateral to the agreement to purchase and repurchase than as an independent and separate agreement. The agreed facts state that it was not requested by the plaintiff but was offered by the defendants as an inducement to the purchase of which the agreement to repurchase must be deemed a part. As collateral to or an incident of the contract to purchase and repurchase it naturally would come to an end with the expiration of the time limited for the exercise by the plaintiff of the option to keep or return the stock. If the

---

* *Lawton,* J.

plaintiff had availed himself of the defendants' agreement to repurchase the stock it could not be contended for a moment that the guaranty would have continued in force. And it seems hardly reasonable to suppose that the parties could have intended that the plaintiff should have the option to return the stock within a year and also, if he elected to keep it, an indefinite guaranty of eight per cent dividends. What was contemplated, we think, was that the plaintiff should have a year to make such investigations as he chose into the prospects of the company and the value of the stock, and to elect whether he would keep the stock or not, and that meanwhile the defendants would guarantee to pay him dividends at the rate of eight per cent per annum, and we think that the contract should be construed accordingly.

It is to be noted that the guaranty is not to pay annual dividends of eight per cent, but dividends at the rate of eight per cent per annum. The latter does not imply, as perhaps the former would, that the guaranty was to continue for more than a year. In *Rotch* v. *French*, 176 Mass. 1, it was held that the guaranty continued for a reasonable time. But there was no agreement to repurchase as in this case, and consequently nothing in the contract itself to limit the time during which the guaranty was to run.

*Judgment affirmed.*

*C. C. King*, for the plaintiff.
*E. F. McClennen*, for the defendants.