## C. C. MULLIKEN, Respondent, v. S. A. HASELTINE et al., Appellants.

### Springfield Court of Appeals, December 4, 1911.

1. **CONTRACTS: Substituted Contract: Consideration: Breach of Contract to Repurchase Stock: Corporations.** To induce plaintiff to purchase shares of stock in a corporation which they were promoting, defendants agreed in writing to repurchase said stock from plaintiff at the price paid by plaintiff. Afterwards, at the instance of defendants, the capital stock and number of shares were increased and the par value of the shares was decreased and defendants entered into another contract as a substitute for the former, by the terms of which they agreed to purchase the stock held by plaintiff for the price paid by him, if properly presented and assigned within a certain time. This action is on account of defendants' failure to comply with the latter agreement. The petition is examined and *held* sufficient. *Held*, further, that the original contract was based upon sufficient consideration; that the substitution of the latter contract for the former was a sufficient consideration for the substituted contract.

2. ——: ——: ——. It is well settled in this State that the cancelling of a contract or the relinquishment of rights under it or the substitution of one contract for another is a sufficient consideration to support the new contract.

Appeal from Greene Circuit Court.—*Hon. Alfred Page,* Judge.

AFFIRMED.

*S. A. Haseltine* and *Wright Bros.* for appellants.

(1) Where a new contract is substituted for an old one they are not to be construed together. Ober·

beck v. Club Co., 17 Mo. App. 310. (2) The plaintiff must declare and rely on the second contract, the first is gone. Munford v. Wilson, 15 Mo. 540; Sanitz v. King, 93 Mo. 513. (3) A mere proposition must, to constitue a valid agreement, be accepted in writing. Greenbaum v. Adair, 60 Mo. 25. (4) It is illegal for a company to sell its stock and agree to buy it back. It would therefore be illegal for its officers to make such an agreement, for outside of the supposed consideration under the original agreement moving to the company there was no consideration, and under the second proposition there was none, for neither the company nor its officers received or could receive any consideration as none passed. Courts will not compel specific performance of an illegal contract. Barr v. Cubbage, 52 Mo. 404.

*Enoch L. Ragsdale* and *A. W. Lyon* for respondent.

(1) Defendants were personally interested and benefited by the sale of the stock to respondent because of their holdings in the company and their official connection therewith. This and the further proposition that if one promise another to pay him money if he will do a certain thing, the doing of the thing on the part of the promisee constitutes a valid consideration in law. Defendants promised to purchase plaintiff's stock, if he would present it to them, assigned within a certain time. This plaintiff did and that of itself constitutes a valid consideration in law. The second contract was voluntarily entered into by defendants, and being a substitute for the first one, defendants are bound by all the conditions of the second contract. Campbell v. Woods, 122 Mo. App. 719; Ivory v. Murphy, 36 Mo. 534; Lindell v. Roker, 60 Mo. 249; Heinrich v. Coal Co., 102 Mo. App. 232; Underwood Typewriter Co. v. Realty Co., 220 Mo. 522.

(2) When a second contract is entered into as a substitute for the first contract, the parties are bound by the terms of the last contract. Oberbeck v. Club Co., 17 Mo. App. 310. (3) It is sufficient under the statute of frauds that the party to be charged signed the memorandum of the contract. The acceptance may be oral. Black v. Crowther, 74 Mo. App. 480.

GRAY, J.—Suit to recover from the appellants $2000 which plaintiff claims they owe him on a contract. to purchase certain shares of stock in a corporation known as Ozark Medicine Company. The petition alleges that on the 22nd day of August, 1906, defendants were stockholders, officers and directors of the corporation, and were personally interested in consummating a sale to plaintiff of forty shares of the corporation stock for $2000, and as an inducement and consideration for plaintiff to buy said stock, defendants agreed, by their written contract of that date, to repurchase from plaintiff said stock at the price of $2000; that thereupon plaintiff purchased said stock and paid therefor said sum of $2000; that afterwards the stockholders of said company changed the par value of the capital stock from $100 to $5 per share, and thereby plaintiff became entitled to 800 shares of stock instead of said 40 shares, and that by reason of the change, defendants did, and for the consideration aforesaid, substitute and give a written agreement, dated the 20th day of December, 1906, instead of and for the former agreement, by the terms of which they agreed to purchase the 800 shares of stock so held by plaintiff, of the par value of $4000 for the sum of $2000, provided that plaintiff presented said stock to them properly assigned within three years and thirty days from the 20th day of December, 1906; that in compliance with the conditions of said contract, and on the 27th day of December, 1909, plaintiff assigned said stock to the defendants and presented

the same to them and demanded of them the said $2000, but defendants refused to pay the same. A demurrer was filed to this petition, and the same was overruled and defendants excepted. We think the petition states a cause of action.

The facts are undisputed, and are found in plaintiff's testimony, which is substantially as follows: The defendant, Meyer, was president, the defendant, Haseltine, secretary, and the defendant, Gibson, treasurer, of the corporation, and were interested in the sale of forty shares of the capital stock to the plaintiff, and as an inducement for plaintiff to buy the stock, the defendants gave him a written contract, by the terms of which they agreed to repurchase the same at any time within three years from August 22, 1906, and pay therefor the sum of $2000; that afterwards the defendants concluded to increase the capital stock of the corporation from $100,000 to $200,000, and to change the par value of the shares from $100 to $5. The increase in the capital stock to be preferred. That in order to complete these changes, it was necessary for plaintiff to surrender his old certificate of forty shares and receive a new one for 800 shares in lieu thereof; that at the time this change was made, the defendants executed another contract, of date December 20, 1906, by which they agreed to pay the plaintiff the sum of $2000 for the 800 shares of the stock, provided the certificate for same was presented to them properly assigned within three years and thirty days from that date. Within the time specified in last agreement, plaintiff presented his certificates of stock properly assigned, and demanded the $2000, and at that time each of the defendants promised to get the money any pay the plaintiff, but afterwards failed to do so.

The defendants contend that the original contract was without consideration. There is no merit in this contention. It clearly appears as an inducement

for plaintiff to purchase the stock, defendants agreed to repurchase the same from him at the price he paid therefor at any time within three years, and they delivered to plaintiff the shares of stock and their written agreement to repurchase. [Aken v. Clarke, 123 N. W. 379; Tilton v. Whitemore, 202 Mass. 39, 88 N. E. 329; Raiche v. Morrison, 95 Pac. 1061; Trenholm v. Kloepper, 129 N. W. 436.]

It is next claimed that even though the first contract was supported by a valuable consideration,. it was voluntarily surrendered and a new contract entered into, for which there was no consideration. We gather from the testimony that the defendants were the moving cause for the change in the capital stock. There was no change in the common stock, except as to the par value of the shares. The increased stock was preferred, and undoubtedly, defendants as officers of the corporation, were interested in the scheme to increase the capital stock and change the par value thereof. In order to accomplish this it was necessary for the plaintiff to surrender his old stock that defendants had agreed to buy, and to have issued in lieu thereof the new stock. It fairly appears from the evidence that by mutual agreement the new contract was substituted for the old. And it is well settled in this state that the cancelling of a contract or the relinquishment of right under it, or the substitution of one contract for another, is a sufficient consideration to support the new contract.

In Welch v. Mischke, 136 S. W. 36, this identical question was before us. Judge Nixon wrote the opinion and on this point said: "It is obvious that the second contract was supported by a sufficient consideration. Indeed, the very substitution of the new contract for the old was a sufficient consideration. As said in Peters & Reed Pottery Co. v. Folckemer, 131 Mo. App. 1. c. 106, 110 S. W. 598: 'There is no doubt of the right of the parties to make a new agreement.

The fact of its taking the place of the old was a sufficient consideration.' Further: 'A valid contract, made in substitution for one of a prior date, annuls the obligation of the former, and of itself furnishes a sufficient consideration for the release of the first agreement.' [Sanders Pressed Brick Co. v. Barr, 76 Mo. App. l. c. 386, and cases cited; Lancaster v. Elliott, 55 Mo. App. l. c. 255.] Moreover, where a modified contract is acted upon by the parties, the original contract is abandoned, which of itself would uphold the modification thereof, so far as consideration is concerned. [Cannon-Weiner Co. v. Boswell, 117 Mo. App. l. c. 476, 93 S. W. 355.]"

The judgment will be affirmed. All concur.