JAMES L. SMITH, Administrator of the estate of C. J. SMITH, deceased, Respondent, v. W. S. CRANE and H. E. GERKE, Appellants.

Springfield Court of Appeals, March 3, 1913.

1. CONTRACTS IN WRITING: Statements and Conduct of Parties Thereto: Weight of. Where the construction of a contract is involved which the parties thereto have treated as one subject to construction *aliunde*, the meaning which the parties have placed upon the agreement by words and conduct is a proper guide in arriving at its intendment and is of more importance than an abstract meaning that a court may attach to same by reason of its mere phraseology.

2. CONTRACTS: Construction of Dependent on Extrinsic Facts: Interpretation for the Jury. The construction of a contract containing ambiguous phrases is for the jury, when it depends on extrinsic, unconceded facts.

3. INSTRUCTION: Error in: Commission Contract on Sale of Land. A contract between plaintiff's intestate and defendants provided that in the event an option of sale on certain land

Smith v. Crane.

should be obtained from R. and a sale thereunder consummated, defendants would pay plaintiff's intestate $2500 for his assistance in procuring the option. The evidence showed that the sale of an undivided sixth interest of the land was made after the expiration of the option. Defendants requested an instruction that if no part of the land was sold during the life of the option and it was agreed between the parties to the contract that the sale of the undivided interest was not to be treated as a sale by the defendants so as to render them liable under the contract for the payment of the above amount, and that, in lieu of the said sale the contracting parties agreed that the remuneration of the plaintiff's intestate should be paid from a sale of the remaining two-thirds interest in the land, on which an option was at that time taken, then, the verdict of the jury should be for the defendant; which instruction the court refused. *Held*, that such refusal was error.

4. **INSTRUCTIONS: Error in: Construction Placed on Words of Contract.** A contract provided that defendants should pay $2500 to plaintiff's intestate in the event of the sale of certain land, an option for which sale plaintiff's intestate was to assist in procuring and was "to render other service," the contract to be void should no deal be consummated. *Held*, that an instruction allowing a recovery "for rendering other services in consummating a sale" was error as it assumed an obligation on the part of the plaintiff's intestate not stated in the contract and presumed that the expression "other service" contained in the contract meant "consummating a sale."

5. **CONTRACTS: Substituting One for Another: Consideration.** A contract, either oral or written, may be abandoned by the parties thereto and a new contract be made superseding the former one; and the making of the new contract and the mutual promises incident thereto would constitute sufficient consideration for the abandonment of the previous contract.

6. **CONTRACT: Death of One Party to: Evidence.** In a suit between plaintiff's intestate and defendants for a commission under a contract, the defendants not being allowed to testify because of the death of the other party to the contract, the court will admit all testimony, however remote, which has a bearing on the question at issue.

Appeal from Jasper Circuit Court. Division Number One.—*Hon. Joseph D. Perkins*, Judge.

REVERSED AND REMANDED (*with directions*).

*Thomas & Hackney* for appellants.

Smith v. Crane.

(1) A contract, whether oral or in writing, between the parties may be abandoned and a new contract made to supersede the same, and if so made the suit must be upon the new contract and no suit can be maintained upon the old, and the making of the new contract is a sufficient consideration for the abandonment of the previous contract. Choteau v. Iron Wks., 83 Mo. 73, s. c., 94 Mo. 388; Creamery Package Co. v. The Sharples Co., 98 Mo. App. 207; Seligman v. Rogers, 113 Mo. 658; Wilson v. Duffey, 158 Mo. App. 518; Lanitz v. King, 93 Mo. 519; Pottery Co. v. Folckemer, 131 Mo. App. 106; Mulliken v. Haseltine, 160 Mo. App. 13; Schneider v. Chew, 157 Mo. App. 354; Welch v. Mischke, 154 Mo. App. 728, 734; Scriba v. Neely, 130 Mo. App. 258. (2) The trial court erred in ruling that the making of the new contract was not a sufficient consideration for the abandonment of the previous agreement. And carrying out this erroneous ruling the trial court erred in excluding part of the evidence of Mrs. Richardson and part of the deposition of witness, Arthur R. Morrison, and erred in each of the instructions given for plaintiff in requiring the jury to find that there was a valuable consideration moving from the defendants to the deceased, Smith, before they could find that the new contract became substituted for the one sued on. See authorities cited under point 1. (3) The court erred in excluding the written contract made between Carey J. Smith and the defendant, Gerke. In determining the meaning of a contract and the intent of the parties to it, the court will look at the circumstances under which the contract was made, the relations and occupations of the parties, the uses of business and all other writings bearing on the subject-matter in issue, and determine what they must have mutually understood and expected the agreement to cover, and the court should adopt the interpretation most likely to give effect to the intention of the parties. Greason v. Railroad, 112 Mo.

App. 130; Carney v. Water & Light Co., 76 Mo. App. 532. (4) The court erred in excluding the testimony of Mrs. Anna Richardson and Arthur Morrison at to what was said by Carey J. Smith and the defendants, W. S. Crane and H. E. Gerke, in the office of Thomas & Hackney on the 22nd day of November, 1910, the date the new option was taken; and the court erred in striking out testimony of Mrs. Anna Richardson. Carey J. Smith being dead and this suit being brought by his administrator, the mouths of the defendants were closed. This being the case the courts will allow all testimony, however remote, bearing on the question at issue, and this evidence was clearly competent as tending to show an abandonment of the claim by Smith under the contract sued on and a substitution therefor of a new contract and a new arrangement. Cole v. Waters, 164 Mo. App. 574. (5) In view of the importance of newly discovered evidence and the show of diligence made by defendants, it was clearly the duty of the trial court to have granted the defendants a new trial in order that injustice should not be done. Gould v. St. John, 207 Mo. 619, 632; Taylor v. Railroad, 163 Mo. 183; Bank v. Wood, 124 Mo. 72. (6) The options from Richardson to Smith and Gerke, each relating to the sale of land, expired according to the dates fixed in the several writings and the extensions indorsed thereon. No oral agreement to extend either option could be effective for that purpose for the reason that to give such oral agreement this effect would be in violation of the statute of frauds; and inasmuch as the statute of frauds requires contracts touching the sale of lands to be in writing, then any extension of such contracts or modifications of them must likewise be evidenced by writing and cannot rest in parol. Warren v. Mayer Mfg. Co., 161 Mo. 112; Rucker v. Harrington, 52 Mo. App. 481. (7) The trial court in giving instruction No. 1 for the plaintiff erred in ruling that the sale of the 1-6 interest by

Richardson to Morrison was such a sale as was contemplated by the parties in the written instrument sued on, on the making of which Smith would be entitled to recover $2500 from the defendants. In giving this instruction the court shut its eyes to all of the oral testimony as to the construction placed upon this contract by the parties; and as a result the court made a contract against the defendants and in favor of Smith, which neither Smith nor either of the defendants had considered ever to exist. This construction is diametrically opposed to the construction placed upon this contract by Smith and Crane when they went to Richardson on the 21st day of November asking him to give a new option, and when the parties met on November 22, 1910, and consummated the arrangement for the new option. This construction prohibited the jury from giving the construction to the written contract which was justified by the conduct, actions, statements and course of dealing of the parties thereto. Where the parties to a contract have given the contract a practical construction and particularly one that is reasonable and fair to both parties, such construction is a proper guide to the court in determining their meaning. Patterson v. Camden, 25 Mo. 21; Union Depot Co. v. Railroad, 131 Mo. 305; Bolt and Nut Co. v. St. L. Car Co., 210 Mo. 736; Tetley v. McElmurry, 201 Mo. 394; Sawyer v. Sanderson, 113 Mo. App. 250; Ellis v. Harrison, 104 Mo. 279; Gas Light Co. v. St. Louis, 46 Mo. 121.

*McReynolds & Halliburton* for respondent.

(1) The rule invoked by the plaintiff that a contract between parties may be abandoned and a new contract substituted, and that under such circumstances no recovery can be had on the old contract as the making of the new contract is sufficient consideration for the abandonment of the previous contract,

has no application to the case at bar, because there was
no evidence of any subsequent contract. Proof of an
oral contract must be specific, certain and definite,
mere generalities are not sufficient. It must be such
that Smith could have recovered on in court, had his
rights accrued. Burks v. Stam, 65 Mo. App. 455; Wesson
v. Horner, 25 Mo. 81; 9 Cyc. 248. (2) The court
was right in excluding the evidence of Mrs. Richardson
and Arthur Morrison for two reasons: First, because
the evidence did not tend to support the allegations
in the answer, which plead a specific contract,
reciting that Carey J. Smith was to be paid the sum
of $1,666.66 out of the proceeds of the sale of the two-
thirds interest. Neither Morrison, Mrs. Richardson
nor Hackney testified to any such fact. Second, the
second reason why it was proper to exclude said evidence
was that there was nothing in said evidence to
show any contract on the part of Carey J. Smith,
supported by a valid consideration, which was to take
the place of the former agreement. (3) It is elementary
law that, when an agreement has no legal consideration
to support it, it cannot be made the basis
of a cause of action, nor of an affirmative defense, and
the question of which party is to suffer by it depends
upon which party is forced to rely upon it. Ward
v. Hartley, 178 Mo. 135. (4) It has been repeatedly
held that the mere statement that a commission will
not be paid, or that a commission will not be claimed,
where a broker or an agent has performed his contract,
when that statement is not supported by consideration
of any kind or character, will not relieve
the party liable for the commission. Metcalf v. Kent,
73 N. W. 1037; McComb v. Von Ellert, 27 N. Y. Supp.
372; Moskowitz v. Hornberger, 46 N. Y. Supp. 462;
Rohkohl v. Sussman, 113 N. Y. Supp. 586; Dayton v.
Barge Co., 73 N. Y. Supp. 316; Burd v. Webster, 128
Wis. 118; Bishop v. Averill, 49 Pac. 237, 50 Pac. 1024.
(5) There was no consideration moving from Smith

to Gerke or Crane. He had done nothing to support any claim for commissions out of the sale of the remaining two-thirds, and any claim he might have made must inevitably have failed for lack of consideration. He could not claim waiver of his original contract, because appellants say it had lapsed, and consequently he had nothing to waive. He could not claim services already rendered, for that consideration was past, and under the law will not support an agreement to pay. 9 Cyc. 358, par. 14; Allen v. Bryson, 67 Iowa, 591, 25 N. W. 820, 56 Am. Rep. 358; Woodrum v. Renshaw, 32 Mo. 197; Kingenfelder v. Brewing Co., 103 Mo. 578; Peck v. Harris, 57 Mo. App. 467. (6) Instruction No. 3 of appellant was properly refused. In that instruction the law is declared to be that the option under which the parties were making the sale, expired at midnight November 15, 1910. Under the facts in this case, that was one of the issues to be determined by the jury, and the jury found that the option had not expired, but had been extended and that the sale was made under the rights given Smith. An appellate court will not interfere with the findings of the jury supported by any substantial evidence, even though the preponderance of the evidence is greatly against such finding. Bond v. Railroad, 110 Mo. App. 131; Harrison v. Lakenan, 189 Mo. 581; Dowling v. Wheeler, 117 Mo. App. 169; McNulty v. Railroad, 203 Mo. 475; Hurley v. Railroad, 120 Mo. App. 262; Wood v. Railroad, 119 Mo. App. 78; Wayland v. Johnson, 130 Mo. App. 80; Peck v. Traction Co., 131 Mo. 134. (7) The trial court did not err in refusing to grant a motion for new trial. This was a matter which was discretionary. Taylor v. Railroad, 163 Mo. 191; Gould v. St. John, 207 Mo. 632; Bank v. Woods, 124 Mo. 72; State v. Bybee, 149 Mo. 632; Bed Co. v. Railroad, 148 Mo. 478. (8) The mere fact of newly discovered evidence does not entitle plaintiff to a new trial. The trial court must have believed that

the new evidence would have produced a different result, and that he did not believe because he overruled the motion. The appellate court will not interfere with his conclusion. Dent v. Traction Co., 145 Mo. App. 70; Devoy v. Transit Co., 192 Mo. 218; Howard v. Railroad, 110 Mo. App. 583.

ROBERTSON, P. J.—This suit was brought by the respondent as the administrator of the estate of Carey J. Smith, deceased, to recover the sum of $2500 alleged to be due on the following contract as set out in his petition:

"Carthage, Mo., Oct. 29, 1910.

In consideration of C. J. Smith service in assisting in getting option and other service on Jesse Richardson in his 112. acres land on which the Quick Seven Mines are located in Jasper Co., Mo., we the undersigned hereby agree that in case of a sale of said land or any part thereof by W. S. Crane, H. E. Gerke or their associates time unlimited to pay to C. J. Smith of Carthage, Mo., or his successors the sum of ($2500) twenty-five hundred dollars in cash when the deal is made and we further agree to pay all bills and notes and expenses that has been made on this deal by either W. S. Crane, H. E. Gerke or C. J. Smith, and all future expense may be made hereafter including the $600 to Cunningham Nat. & Co. Above contract void if no deal is made by either of us or our associates.

W. S. Crane,
H. E. Gerke."

The judgment below was for the plaintiff and the defendants have appealed.

Prior to the date of the above contract various options had been given to C. J. Smith and the defendants, or to some of them, by Richardson, but all of the options had expired prior to the transaction hereinafter discussed and the one upon which the plaintiff based his right to recover in this case.

C. J. Smith, one of the parties to the above contract, was dead at the date of the trial and the other two parties were by reason thereof disqualified from testifying.

Neither Smith, Crane nor Gerke owned any interest in the land referred to in the contract and it is apparent that what may have been meant by a sale of the land by Crane and Gerke is that they should be the procuring and efficient cause of the sale of the land or some portion thereof by Richardson to some one.

On November 21, 1910, after all of the options given by Richardson on the land to either Smith, Crane or Gerke had expired, Smith and Crane went to Richardson's farm and made arrangements with him to meet them and one Morrison, a prospective purchaser, at a law office in Carthage on the next day. Richardson and his wife, Smith, Crane and Gerke and Morrison met at said place the next day and at that time Richardson and wife executed and delivered a warranty deed conveying to said Morrison an undivided one-sixth interest in the land referred to in the above contract, and at the same time Richardson and his wife executed and placed in escrow in a bank in Carthage a deed to defendant Crane for an undivided one-sixth interest in the land, giving him ninety days in which to pay the purchase price and receive a deed; and Richardson and his wife also at that time gave a written option to defendant Crane to purchase the remaining undivided two-thirds interest in the land within ninety days from that date.

It is agreed by all parties to this action that the defendants received nothing from the sale of the undivided one-sixth interest to Morrison, that the escrow deed to Crane was never taken down and that no sale was ever effected by defendants or either of them under the last named option.

The contention of plaintiff is that the above contract entitled C. J. Smith to the payment of the $2500

therein named when the transfer of said undivided one-sixth interest in the land was made to Morrison on November 22, 1910.

The case was tried to the jury and the defendants have preserved their objections and exceptions to the instructions given in behalf of plaintiff and to the action of the court in refusing certain instructions asked by them and to the exclusion of testimony. Among the instructions given in behalf of plaintiff was the following (except that the italics are added by us for the purpose of reference):

"The court instructs the jury that it is admitted by the defendants' answer that the contract of date October 29, 1910, was executed by defendants, W. S. Crane and H. E. Gerke, whereby they agreed to pay to C. J. Smith, now deceased, to assist in getting an option and *rendering other services in consummating a sale* of the land or a part of said land belonging to Jesse Richardson, to-wit, 112 acres situate in Jasper county, Missouri, on which lands the Quick Seven Mines are located; that by said contract so executed by the defendants, they agreed that in case of a sale of said land or any part thereof by the defendants or their associates, they would pay to said C. J. Smith the sum of $2500 in cash, when the deal was made, and pay other bills and notes as set forth in said written contract, and you are further instructed that if you find from the evidence that the deceased, C. J. Smith, rendered services to the defendants in procuring options from Jesse Richardson, giving them the right to purchase or sell said land or any part thereof, and that by his efforts and services rendered, the defendants were enabled to make a sale of an undivided one-sixth interest in said land for the sum of $18,333, then and in that event, you are instructed that the deceased, C. J. Smith, performed his part of said contract and the plaintiff, as the administrator of the deceased, is entitled to recover of and from the defendants the

price fixed by said contract, to-wit, $2500, and your verdict will be for the plaintiff for an amount not to exceed that sum, together with interest at the rate of six per cent per annum, from the date of the commencement of this suit, to-wit, the 31st day of October, 1911; unless you further believe from the evidence that afterwards for a valuable consideration the said C. J. Smith agreed with the defendants or either of them that he, the said Smith, was to receive no compensation under the contract sued on in this case by reason of the sale of the one-sixth interest to Genevieve Morrison, but that the said C. J. Smith should receive the compensation provided for in the contract sued on out of and from a sale of the two-thirds interest in the Richardson lands under the option given by said Richardson to W. S. Crane, bearing date November 22, 1910.''

The defendants asked and were refused the following instruction:

''The court further instructs the jury that the option from Richardson and wife under which the defendants and said Carey J. Smith were endeavoring to make a sale, expired at midnight of the 15th day of November, 1910, and if you further find that no sale or disposition of any part of said real estate was made under said option at that time; and if you further find that it was agreed between Carey J. Smith and defendants that the sale of the undivided one-sixth interest to Genevieve Morrison by Jesse Richardson and wife was not to be treated as a sale by the defendants, so as to render them liable under the contract sued on in this case, and that notwithstanding the said sale of the one-sixth interest to said Genevieve Morrison, the said Carey J. Smith was to receive the compensation provided in the contract sued on out of and from a sale of the two-thirds interest in the Richardson lands under the option given by the said Richardson and

169 Mo. App.—45

wife to W. S. Crane, bearing date November 22, 1910, you will find the issues in favor of the defendants."

At the trial of the case Richardson and his wife and the attorney, who drew the papers for the transfer of the one-sixth interest to Morrison and the other papers covering the transaction narrated, testified that at that time the question as to anything being due Smith on account of the sale of the one-sixth interest was discussed and it was repeatedly asserted that there was no compensation or sums of money coming to either Smith or Crane or Gerke by reason of this sale to Morrison. From this and other testimony of the same character, the jury may have found, under proper instructions, that there was either a release of the liability of defendants under the Smith contract as to the sale of the one-sixth interest and a substitution of a sale under the new option in lieu thereof, or that the parties considered that the defendants had not sold the land or some portion thereof within the meaning of the contract. This latter theory of the case is further corroborated by the fact that when one of the witnesses was undertaking to state what was said there in regard to no money being due to Smith, plaintiff's counsel objected and stated, "There is no testimony to show that Crane had any control over the deal. The parties were there to sign the papers and pay the money," and the court remarked, "Of course that is true. There is no showing that he had any strings on the deal." Thus presenting to our minds a construction of the contract with reference to the transfer of this interest to Morrison that should not have been ignored by the court in its instructions to the jury.

Also, under the terms, "said land or a portion thereof" in the contract, the jury may have concluded from the testimony that the parties did not consider that a sale of an undivided one-sixth *interest* therein was a sale of a *part* thereof.

The testimony as to what was said to, and in the presence of, Smith and acquiesced in by him furnishes strong evidence as to the construction that the parties themselves placed upon this contract as to what should constitute a sale thereunder by the defendants. The record discloses that the parties to this litigation in the trial of the case properly treated the contract involved as one which was subject to construction *aliunde*. When a contract of this character is involved, courts of this State have uniformly held that the construction placed thereon by the parties themselves by words and conduct is a proper guide and of more importance than an abstract meaning that a court may attach to it by reason of its mere phraseology. [Patterson v. Camden, 25 Mo. 13, 21; Union Depot Co. v. Railway Co., 131 Mo. 291, 305, 31 S. W. 908; Moran Bolt & Nut Co. v. St. Louis Car Co., 210 Mo. 715, 736, 109 S. W. 47; Tetley v. McElmurry, 201 Mo. 382, 394, 100 S. W. 37; Sawyer v. Sanderson, 113 Mo. App. 233, 250, 88 S. W. 151; Ellis v. Harrison, 104 Mo. 270, 279, 16 S. W. 198; Gaslight Co. v. City of St. Louis, 46 Mo. 121.]

The construction of a contract containing ambiguous phrases is for the jury when it depends on *extrinsic, unconceded facts*. [Wilcox v. Baer, 85 Mo. App. 587; Deutmann v. Kilpatrick, 46 Mo. App. 624; Elevator & Mfg. Co. v. Mertz & Hale, 107 Mo. App. 28, 80 S. W. 684.]

· It is, therefore, apparent that the court erred in refusing the instruction above quoted asked in behalf of the defendants.

The italicized words, "and rendering other services in consummating a sale" in plaintiff's instruction assumes an obligation on the part of Smith that is not so stated in the contract. Under this instruction and the testimony the jury may have concluded that the part which Smith took in getting Richardson and his wife to come to Carthage and Smith's partici-

pation in the transactions there were services rendered in consummating a sale for which he should be compensated. The instruction was wrong in assuming that the "other service" meant "consummating a sale."

As the case may be tried again we call attention to further errors in said instruction No. 1 and also in instruction numbered 2, given in behalf of plaintiff. They authorize the jury to find for the plaintiff on account of the sale of the one-sixth interest to Morrison unless the jury further finds that *subsequent* to said sale a new contract based on a valuable consideration was made releasing defendants from the obligation of their contract with Smith. If there was a substitution of the new arrangement for anything the parties may have relinquished under the old, and if it was contemporaneous with the transaction of the sale of the one-sixth interest in the land of Morrison and the taking of the new option and the escrow to Crane, the mutual promises incident thereto would constitute the consideration. [Mulliken v. Haseltine, 160 Mo. App. 9, 13, 141 S. W. 712; Welch v. Mischke, 154 Mo. App. 728, 734, 136 S. W. 36.] Thus it is apparent that said instructions one and two, by using the words "afterwards," "subsequent" and "for a valuable consideration," have imposed on the defendants an unfair burden and deprived them of a defense to which, under the testimony, they were entitled. Under these instructions the substituted contract theory was entirely segregated from the transaction which would have constituted the consideration, and the jury directed to search for a consideration of which there was no evidence, namely, some consideration other than that based on the "very substitution of the new contract for the old," as stated in the Welch case, supra.

At the trial of the case portions of Mrs. Richardson's testimony as to what was said at the time the

papers were being prepared relative to no commissions being due on account of that deal with Morrison were stricken out by the court. This was erroneous.

By reason of the error committed in excluding the testimony of Mrs. Richardson and the error incident to the instructions, the judgment of the circuit court is reversed and the cause remanded with directions to set aside the judgment in favor of the plaintiff and to grant the defendants a new trial. Reversed and remanded. *Sturgis, J.,* concurs. *Farrington, J.,* not sitting.