GEORGE A. CREIGHTON vs. WILLIAM D. ELWELL.

Suffolk.   December 8, 1922. — January 15, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, Construction, In writing, Of guaranty. *Guaranty*. *Evidence*, Extrinsic affecting writing.

A guaranty in a letter written by a stockbroker to a customer reading "I will personally guarantee a 7% dividend on your $1,000 preferred stock," as a matter of law requires the payment of but one dividend of seven per cent.
The construction of a contract in writing is for the court.

CONTRACT to recover stock dividends alleged to be due under a guaranty in writing given by the defendant to the plaintiff. Writ dated July 27, 1921.

In the Superior Court, the action was tried before *Morton*, J. Material evidence is described in the opinion.

At the close of the evidence the defendant requested the judge to give the following instructions to the jury:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. There is no ambiguity in the writing upon which the plaintiff's cause of action is based.

"3. Assuming that there is ambiguity in the writing upon which the plaintiff's cause of action is based, the burden is on the plaintiff to show by the introduction of evidence that the construction on which he relies in order to recover is the construction that should be adopted, and in the absence of any such evidence — the defendant is entitled to a verdict.

"4. Assuming that the writing is ambiguous so as to permit the introduction of evidence to explain the same, the jury must

find that it was the intent of both parties that the defendant should be responsible for the payment of dividends during the lifetime of the plaintiff, or so long as the plaintiff was the holder and owner of the stock which was subscribed for by him, and the burden is on the plaintiff to prove such contention.

"5. No construction of the writing upon which the plaintiff's cause of action is based is permissible which requires the insertion and addition of particular words and language as necessary to support the construction upon which the plaintiff relies, if, without such construction the particular words and language in said writing are intelligible and reasonably definite."

The judge refused to grant any of the above requests and charged the jury as follows: "There is no dispute in this case but what the plaintiff did buy from the defendant, as a broker, these shares of stock, and that at the time he bought them he received from Mr. Elwell a paper which has been put here in evidence, and in which Mr. Elwell states, in regard to the dividends on the preferred stock: 'I will say I will personally guarantee a 7 per cent. dividend on your $1,000 preferred stock.' Now, nothing was said in that letter in regard to the time during which that guarantee was to extend, so that it is open to outside evidence, if there is any, to show how long it was to extend to. Otherwise, it is ambiguous in information, independently of any question as to how long the guarantee was to last. It would mean that it would last during the lifetime of the party or until the plaintiff had surrendered or given up his stock, so far as he was a stockholder. Unless it was otherwise provided for, the obligation would be to protect that seven per cent stock. Mr. Elwell says that there was an understanding at the time that it was only for one year; that it was only the first year that he guaranteed, that that was his intention in sending that letter, it was the understanding of the parties.

"Now, of course, the plaintiff has to satisfy you, because he does have the burden of proof to satisfy you, that the contract was as he claims. He must satisfy you fairly that there was no such limitation made by the guarantor. If he does, he is entitled to hold the defendant responsible. In other words, if there wasn't any such limitation, if the plaintiff has satisfied you that there was none, taking into consideration the wording of the language,

itself, what was said at the time and the actions of the defendant with relation to that fact, if he has satisfied you that there was no limitation whatsoever, he is entitled to recover the amount that has not been paid during the last ten years. That is all there is to the case. It is a question for you to determine whether there was a limitation or not upon the duration of this guarantee. If there was, the plaintiff is not entitled to recover. If there wasn't a limitation, if he has so satisfied you, he is entitled to interest."

The jury found for the plaintiff in the sum of $499.65, which, by order of the judge, was reduced to $360; and the defendant alleged exceptions.

*P. H. Kelley,* for the defendant.
*W. J. Barry,* for the plaintiff.

CARROLL, J. This action is to recover on a written guaranty given to the plaintiff by the defendant. It was dated April 21, 1911, and is as follows:

"Mr. George A. Creighton, Lynn, Mass. My dear Mr. Creighton: — In accordance with your instructions I have put you down for $1000 of the underwriting of the Eastern Canada Fisheries Ltd. This entitles you to 10 shares of preferred stock and 20 of the common. Payments are 10% on the amount beginning May 1st. In regard to the dividend on the Preferred stock I would say that I will personally guarantee a 7% dividend on your $1000 preferred stock. Very truly yours, Wm. D. Elwell."

Dividends on the preferred stock of the Eastern Canada Fisheries, Limited, were paid to the plaintiff in the years 1912 to 1917, inclusive. He contends that the guaranty of a seven per cent dividend by the defendant was to continue as long as he (the plaintiff) was the owner of the stock. He testified that he paid $100 a month for ten consecutive months — until the subscription price had been fully paid; and that he could not recall the conversation between himself and the defendant with reference to the purchase of the stock, and had no present memory of such conversation. The defendant testified, without objection, that the plaintiff asked concerning dividends; that nothing was said to him as to when dividends would be paid; that the plaintiff inquired whether he would be paid the dividend while he was paying for the stock, and the defendant answered, "we didn't know

when the dividends would be paid, and to satisfy Mr. Creighton
I guaranteed a year's dividend on the stock." The defendant
further testified that when the second payment of $70 was made
he told the plaintiff that he didn't owe him anything, whereupon
the plaintiff said, "Never mind, you can make it up out of my
business." In the Superior Court there was a verdict for the
plaintiff.

The agreement was in writing and its construction was for the
court. The parties are bound by the contract as written; this
rule is not affected by the fact that parol evidence was admitted
without objection. *London Guarantee & Accident Co. Ltd.* v.
*Jacobson,* 241 Mass. 255. *Butterick Publishing Co.* v. *Fisher,* 203
Mass. 122. *Mears* v. *Smith,* 199 Mass. 319. *Black* v. *Bachelder,*
120 Mass. 171. The defendant's guaranty was that "a 7% divi-
dend" would be paid. It was a guaranty of a "dividend" on the
preferred stock. In our opinion, these words do not imply a promise
that more than one dividend would be paid, or that dividends for any
length of time beyond the single seven per cent dividend would be
paid. The promise was limited to one dividend of seven per cent.
The words were in the singular, and there is nothing in the circum-
stances surrounding the transaction which shows that the meaning
of the words expressed in the written guaranty should be extended.

In *Tilton* v. *Whittemore,* 202 Mass. 39, the guaranty was to
pay "dividends amounting to not less than 8% per annum," and
the defendant agreed to repurchase the stock in one year. Divi-
dends were paid for fourteen months at the rate of eight per
cent. In that case the word "dividends" was used, and not the
words "a dividend," as in the case at bar. It was held that the
guaranty was intended to be limited to one year.

In *Rotch* v. *French,* 176 Mass. 1, the defendant's guaranty was
to pay "a dividend of 6% per annum on stock subscribed to."
It was assumed without deciding that more than one dividend
was guaranteed. Verdicts for the plaintiff were set aside. Rotch
and Seabury were paid dividends during their lives, and the jury
were warranted in finding that they paid for their stock on the
express stipulation that they should receive the guaranty. It was
held that the guaranty continued for a reasonable time. In that
case the dividend was to be paid "per annum." These words are
not found in the defendant's guaranty, in the present case. In

our opinion, the case is distinguishable from *Rotch* v. *French.* The true meaning of the guaranty is that a dividend of seven per cent was to be paid and that it was not to extend beyond the payment of one dividend of seven per cent. It was not agreed that the dividend was to be paid annually or per annum. The case is governed by *Tilton* v. *Whittemore, supra,* and as the plaintiff has been paid more than one dividend, he cannot recover.

*Exceptions sustained.*