*Northern Division*

#6801

# UNION HOSPITAL

v.

# CAMILLO DONATELLI

Argued: July 24, 1968 Decided: Sep. 24, 1968.

*Present*:Brooks,P.J., Connolly, Parker, J.J.

Case tried to *Landergan, J.* in the District Court of Southern Essex No. 492 of 1967.

*Parker, J.*[1] *In this action of contract* the plaintiff alleges the defendant owes it $2055.60 for medical services rendered his sister. The defendant's answer is a general denial and payment.

*At the trial there was evidence as follows.*

On December 1, 1965, the defendant's sister, Ida Cespa, was admitted to the plaintiff hospital. On December 6, 1965, one Harris, employed in the plaintiff's credit department, spoke to the defendant ragarding the account with the plain-

---

[1] This opinion has been abridged.

tiff standing in the name of Ida Cespa on which there was then due $365.95. Whereupon, the defendant signed the following statement in a box form on the lower right portion of the paper containing the account of Ida Cespa.*

> "IN CONSIDERATION OF GRANTING TIME FOR PAYMENT ON THIS ACCOUNT THE UNDERSIGNED WILL GUARANTEE THE PAYMENT ON THE BALANCE OF THIS PATIENT'S HOSPITAL ACCOUNT"

Beneath this printing was written in longhand by Harris the following:

> "Will be responsible for my sisters Acct. To bring in $365.95. (Printed) 'DATE' 12/6/65 F. Harris (Printed) 'SIGNATURE' Camillo Donatelli."

To the left of this box, which the report states was signed by the defendant, was another box on the same level containing the following printed statement:

"IN CONSIDERATION OF THE HOSPITAL GIVING TREATMENT TO THIS PATIENT I HEREBY AGREE TO PAY FOR THE SERVICES RENDERED."

Beneath this printing was written in longhand by Harris, the following:

---

\* Although the paper so signed by the defendant was not made a part of the report, it was submitted by agreement at the argument and was before us in consideration of the case.

"If she is going to be in for a long time Brother may have to seek aid — he will let us know. Harris."

On 8 December 1965, the defendant made a payment on his sister's account of $365.95.

Evidence of four additional payments by the denfendant totalling $869.40 was admitted, and to their admission the defendant claimed a report. Mrs. Cespa died 8 February 1966.

At no time did the defendant notify the plaintiff that he had sought aid.

The court found for the plaintiff in the amount of $2055.60.

The defendant seasonably filed eight (8) requests for rulings. Requests 1, 2, and 3 were granted, but the court denied the remaining, as follows:

"4. The writing signed by the defendant on December 6, 1965 did not constitute a continuing guaranty of the future medical bills of Mrs. Ida Cespa.

5. The writing signed by the defendant on December 6, 1965 related exclusively to the amount then due namely $365.95.

6. The language contained in the writing signed by the defendant on December 6, 1965 is insufficient in law to constitute a continuing guaranty, when read together with all other language contained in the instrument.

7. Upon all the evidence, the plaintiff is not entitled to recover, and with respect to this request the defendant specifies as follows:

a. The writing signed by the defendant limited his liability to $365.95, which amount he has paid.

b. The instrument signed by the defendant was not a guaranty of the amount claimed by the plaintiff.

c. The amount of the hospital bill is not an original liability of the defendant.

8. The evidence does not warrant a finding that there was any consideration to support a promise by the defendant to the plaintiff.

The plaintiff seasonably filed three requests for rulings all of which were granted. These requests read, as follows:

"1. Where the defendant signed a statement as follows, 'In consideration of granting time for payment on this account the undersigned will guarantee payment on the balance of this patient's account. Will be responsible for my sister's account. To bring in $365.95.'

And

on four occasions subsequent thereto defendant made payments on his sister's account, defendant by the agree-

ment and his subsequent actions became responsible for the entire amount.

2. A guarantee can be for an indefinite amount.

3. The evidence warrants a finding for the plaintiff on the declaration.''

The defendant claiming to be aggrieved by the court's action in the denial and granting of these requests and by the court's finding for the plaintiff, brings this appeal.

The words of the guaranty in this case are not ambiguous. The guaranty is ''the payment on the balance'' of the patient's account. The question is, what is guaranteed? Is it the guaranty of the patient's account at the time of signing and so a limited guaranty, or is it a continuing guaranty of the entire account?

There is no conflicting evidence respecting the circumstances of the parties and the condition of the subject with which they are dealing. The extrinsic evidence is not disputed or conflicting as to the material facts required to be found. The interpretation of the written contract is, therefore, a question of law *Tilton* v. *Whittemore,* 202 Mass. 39. *Creighton* v. *Elwell,* 243 Mass. 580. *Atwood* v. *Boston,* 310 Mass. 70, 75.

The meaning of a contract of guaranty is to be ascertained from the words used, construed according to the ordinary rules of interpretation of written instruments, and read

in connection with the subject matter, the well understood usage of business and the relations of the parties to the transaction. The ordinary rule for the construction of a written instrument, whether it be of guaranty, or of any other character, is to give it that effect most in accord with the intention of parties as disclosed by the words used when defined according to the common and approved usage of the language without stretching or constricting their natural significance. *Cumberland Glass Manuf. Co.* v. *Wheaton,* 208 Mass. 425. *L. Littlejohn & Co., Inc.* v. *Handy,* 246 Mass. 370. *Zeo* v. *Loomis,* 246 Mass. 366.

 Whether an instrument is a limited or continuing guaranty is to be ascertained by giving affect to the intention of the parties as manifested by the terms of the guaranty read in relation to the circumstances under which it was given and carried out. *Standard Plumbing Supply Co.* v. *LaConte,* 277 Mass. 497.

It could be found that the plaintiff's sister was admitted to the plaintiff hospital 1 December 1965 and that five days later the plaintiff agent spoke to the defendant regarding his sister's account then showing $365.95 as due the plaintiff. The paper shown the defendant containg the sister's account, had two boxes on the same page and adjoining each other. In the space following the printed word "SIGNATURE" is the signature of the defendant.*

---

* The signature of the defendant appears to be by mark, but the report states the defendant signed.

It is plain that these two boxes cover different contracts. If the first box is signed the consideration is the treatment to be given the patient and the signer of the box agrees to pay for services past rendered. The other box states the consideration as being the granting of time for payment, for which the signer will guarantee the payment of the balance of the account. Thus there are two possible contracts contained on the page. It is plain that the defendant did not sign the contract on the left and that the writing in that box is not a part of any contract signed by the defendant. The contract on the right is signed by the defendant.

The consideration for that contract is the granting of time for payment of this account and for this the undersigned will guarantee the payment of this patient's hospital account. This is a good consideration for the guaranty. *Atlas Shoe Co.* v. *Bloom,* 209 Mass. 563, 568. *Howe* v. *Taggart,* 133 Mass. 284, 287. *Kahn* v. *Waldman,* 283 Mass. 391, 394.

An agreement to forbear when the circumstances are such as to lead to the reasonable construction that the new security or other thing of value was given to induce the creditor to forbear and that in fact he did forbear to enforce his claim by legal proceedings. The rational construction and import of the words and the conduct of the parties and the events are that the defendant signed the guaranty for

the forbearance to sue and that the plaintiff accepted it on the basis that such immunity was to be extended. This was a valid and binding consideration for the guaranty. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147.

In the case at bar, in reliance upon the guaranty the plaintiff continued to furnish hospital care until Mrs. Cespa died and in pursuance of the guaranty the defendant continued to make payment.

While the payments were being made the plaintiff did not proceed against the sister. The actions of the defendant in making the payments, and the acceptance of the payments by the plaintiff and its refraining from action against the defendant's sister are grounds for a finding that this was the construction of the guaranty adopted by the parties, and so should be adopted by the court. *Rome* v. *Gaunt,* 246 Mass. 82, 93.

There was no error in the admission of the evidence of the four payments. Further, it is to be pointed out that the court's ruling on the admission of this evidence is not before us, since the report fails to show that the defendant has complied with Rule 27 fourth paragraph, of the Rules of District Courts (1965). The docket fails to shown that claim for a report was reduced to writing and filed with the clerk within five (5) days after hearing of all the evidence.

As the language is free from ambiguity it is to be given its plain and customary meaning which is that in consideration of granting of time for the payment of the account the dedendant will guarantee its payment. *Harris* v. *National Surety Co.*, 258 Mass. 353, 359 and cases cited.

There was no error in the court action on the requests for rulings. **The report will be dismissed.**

MARIO MISCI,
 for defendant
THEODORE C. REGNANTE,
 for plaintiff